Haviland, Clark & Co. vs. Robert B. Hargis—Opinion of Court.

-------------

HAVILAND, CLARK & CO., PLAINTIFFS IN ERROR, VS. ROBERT B. HARGIS, DEFENDANT IN ERROR.

Section 11 of our limitation act, November 10, 1828, has no reference to defendants who reside out of the State of Florida, when the cause of action accrued.

This case was decided at Marianna.

Writ of error to Escambia Circuit Court.

The opinion of the Court contains a statement of the facts of the case, to which reference is made.

*Wright* and *Landrum* for plaintiffs in error.

*Jordan, Yonge, McClellan & Barnes* for defendant in error.

WALKER, J., delivered the opinion of the Court.

The declaration in this case was filed to June Term, 1856, in the Circuit Court for Escambia county, on a note, of which the following is a copy, to wit:

MOBILE, December 7th, 1849.

One day after date I promise to pay to the order of Haviland, Clark & Co. two hundred and thirty-two 70-100 dollars, value received.

(Signed,)　　　　　ROBT. B. HARGIS.

The defendant pleaded that none of the causes of action in the declaration mentioned accrued to the plaintiffs at any time within five years next before the commencement of this action.

The plaintiffs replied that the promise sued on by said plaintiffs was made in Mobile, in the State of Alabama, where both plaintiffs and defendant resided, and that afterwards the said defendant then and there obstructed and defeated the said plaintiffs from bringing and maintaining their said action, by the removal of the said defendant out of the State of Alabama.

To this replication the defendant demurred. The parties then submitted the fate of the case to the ruling of the Court on the demurrer.

The Court, having taken time to advise thereof, sustained the demurrer, and gave judgment to the defendant for costs.

Plaintiffs then sued out their writ of error.

It is contended that the replication is good under section eleven of our limitation act of November 10, 1828, which reads thus: "If any person or persons, defendant or defendants to any of the aforesaid actions, shall abscond or

conceal themselves, or by removal *out of the country* or of the county where he or they shall or do reside, when such cause of action accrued, or by other indirect ways defeat or obstruct any person or persons who have title thereto from bringing and maintaining all or any of the aforesaid actions within the respective times limited by this act, that then and in such case such defendant or defendants are not to be admitted to plead this act in bar to any of the aforesaid actions, anything in this act in anywise to the contrary notwithstanding." Thomp. Dig. 444.

The first section of our act of 1846 (see Thomp. Dig. 443) reads thus: "Whereas, doubts have been suggested of the true intent and meaning of the use of the terms, 'beyond seas or out of the country,' used in the several acts of limitations heretofore or now of force in this State, for remedy whereof, *Be it enacted*, That the saving in the act of November 10th, 1828, and all other acts in favor of persons 'beyond the seas or out of the country,' until such persons shall have returned from beyond the seas, or from without the country, shall not be held, deemed or taken to extend to *persons* who were at the time of the making of the contract or accruing of the cause of action domiciled or resident within the limits of this State, but all such persons shall be put upon the same footing and shall have no other or greater rights than are possessed by residents and citizens of the State."

Such is the legislative interpretation which the term "out of the country" has received in connection with the rights of *plaintiffs*, and we can see no reason why the same construction shall not prevail when that term is used in connection with the rights or liabilities of *defendants*.

We are satisfied that the 11th section of the act of November 10, 1828, does not apply to defendants who reside "out of the country," that is out of the State of Florida, when the cause of action accrues. "Removal out of the country, or out of the county where he or they do or shall reside when

such cause of action accrued," means removal out of the State of Florida or county in said State where he or they do or shall reside when such cause of action accrued. It is not probable that our Legislature intended to deprive those of our citizens who have emigrated hither of the privilege of protecting themselves by our statutes against the stale demands of non-resident plaintiffs which accrued abroad, after a great lapse of time, when all their evidence of payment may be lost or destroyed.

Let the judgment of the Court below be affirmed, with costs.