F. O. VAN DEREN, *Plaintiff in Error*, v. FRANK C. LORY, *Defendant in Error*.

Opinion Filed May 5, 1924.

This case was decided by Division A.

1. An action upon a judgment obtained in another State, the date of which judgment is more than seven years prior to the date of the action upon it in this State, is not barred by the statute of limitations, Section 2939, Revised General Statutes, which provides that actions can only be commenced upon a judgment or decree of any court of the United States, or of any State or Territory within the United States or any foreign country, within seven years, when it appears that the

defendant, or judgment debtor, has not been a resident 'of, nor within the jurisdiction of, the State of Florida' for the period of seven years subsequent to the date of the judgment.

2. Section 2928, Revised General Statutes, which provides that if when the cause of action shall accrue against a person he is out of the State the action may be commenced within the term herein limited after his return to the State; and if after the cause of action shall have accrued he depart from the State, the time of his absence shall not be part of the time limited for the commencement of the action, applies in an action upon a judgment obtained in another State. In these cases in which the judgment debtor, subsequent to the judgment, comes into the State the words in the Statute "return to the State" are equivalent in meaning to the words "come into the State"; and the words "absence" and "return" are not confined in their application to those persons who have once been inhabitants of the State but are equally applicable to those persons who have never before been in the State.

3. Section 2939 and paragraph 4 of Section 2928, Revised General Statutes, are in *pari materia* and limit the running of the seven-year statute until the time when the courts of this State had power to adjudicate between the parties upon the particular cause of action.

4. The *lex fori* determines the time within which a cause of action shall be enforced; but the rule is subject to the statutory modification in Florida prescribed by paragraph 4 of Section 2928, Revised General Statutes.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Snedigar & Miller*, for Plaintiff in Error;

*E. B. Kurtz*, for Defendant in Error.

ELLIS, J.—The defendant in error brought an action in the Circuit Court for Dade County against F. O. Van, Deren upon a judgment obtained against him by the former in Indiana on December 14, 1908. The defendant pleaded the statute of limitations; "That the alleged cause of action did not accrue within seven years before this suit." The plaintiff replied that the defendant "has not been a resident or within the jurisdiction of the State of Florida for a period of seven (7) years subsequent to the accruel of the cause of action herein sued upon."

The defendant demurred to the replication; the demurrer was overruled and judgment entered for the plaintiff, whereupon the defendant, Van Deren, took writ of error.

The plea rested upon the statute of limitations, section 2939, Revised General Statutes of Florida, which in so far as it applies to this case, is as follows: "Actions other than those for the recovery of real property can only be commenced as follows: 1. Within Twenty Years.—An action upon a judgment or decree of a Court of record in the State of Florida, and an action upon any contract, obligation, or liability founded upon an instrument of writing under seal. "2. Within Seven Years.—An action upon a judgment or decree of any court of the United States, or of any State or Territory within the United States, or of any foreign country."

The replication rested upon the provisions of paragraph 4 of section 2928 Revised General Statutes. That paragraph is as follows: "4. Absence of Defendant from the State.—If, when the cause of action shall accrue against a person, he is out of the State, the action may be commenced within the term herein limited after his return to the State; and if after the cause of action shall have accrued he depart from the State, the time of his absence

shall not be part of the time limited for the commencement of this action."

It is ably argued by conusel for the defendant in error that the statute of limitations, in so far as it applies to actions upon judgments obtained in another state, applies only to those cases in which the debtor has been a resident of this State for seven years. That the words, in paragraph 4 of section 2928 Revised General Statutes, "return to the State," are the equivalent of "Come into the State" and that the words "absence" and "return" are not confined in their application to those who have once been inhabitants but are equally applicable to those who have never before been in the State, to foreigners as well as citizens. That it is not a mere matter of the running of time from the date when the cause of action originated. That the two statutes read together show the purpose of the Legislature to have been that the seven year statute should not begin to run until the time when the Courts of this State had jurisdiction to adjudicate between the parties upon the particular cause of action.

There is considerable weight of authority in support of this view. The courts of many states, having statutes similar to ours, have so interpreted them. See Strong v. Lewis, 204 Ill. 35; 68 N. E. Rep. 556; Lawson v. Tripp, 34 Utah 28, 95 Pac. Rep. 520; Burrows v. French, 34 S. C. 165, 13 S. E. Rep. 355; 27 A. S. R. 811; West v. Theis, 15 Idaho 167, 96 Pac. Rep. 932, 128 A. S. R. 58, 17 L. R. A. (N. S.) 472; Mason v. Union Mills' Paper Manufacturing Co., 81 Md. 446, 32 Atl. Rep. 311, 29 L. R. A. 273; Doughty v. Funk, 15 Okl. 643, 84 Pac. Rep. 484.

This court has held that the *lex fori* determines the time within which a cause of action shall be enforced. See Brown v. Case, 80 Fla. 703, 86 South. Rep. 684. But that rule is subject to the statutory modification in Florida pre-

scribed by Section 2928, Revised General Statutes, paragraph 4 above quoted. This statute, as the title of the section indicates, works an extension in time of the limitations prescribed by Section 2939, Revised General Statutes, Chapter 7839, Acts of 1919, Laws of Florida, has no application to this case. See 25 Cyc. 1238; 17 R. C. L. 692.

The demurrer to the replication was properly overruled; so the judgment is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND TERRELL, J., dissent.

WHITFIELD, J.—Dissenting.

Chapter 3900, Acts of 1889, is as follows:
"An Act to limit the time within which actions may be brought upon foreign judgments.

*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. No action upon any judgment or decree of any court of the United States or of any State or Territory within the United States (except courts of the State of Florida), or of any foreign country, shall be commenced in this State, except within seven years from the rendition of such judgment or decree.

"Sec. 2. All laws and parts of laws in conflict with the provisions hereof are hereby repealed.

"Approved May 24, 1889."

This statute did not purport to amend Section 10 of Chapter 1869, Acts of 1872, "An Act of limitations in civil actions," Chapter 144 McClellan's Digest, now Sec-

tion 2939, Revised General Statutes, 1920, but it is a specific enactment "to limit the time within which actions may be brought upon foreign judgments," and it expressly repeals "all laws and parts of laws in conflict with the provisions" of the act; and it contains no exceptions because of absence from the State as appear in Section 14, Chapter 1869, Acts of 1872, Section 14, Chapter 144, McClellan's Digest, now a part of Section 2928, Revised General Statutes, 1920.

This specific enactment cannot be deprived of any of its force and intent by its re-enactment in the Revised Statutes, the General Statutes and the Revised General Statutes, when no change is made in its essential verbage, but its substance is merely incorporated in an appropriate place in each of the general revisions of the statutes.

Even if the provisions of Section 14, Chapter 1869, Acts of 1872, now a part of Section 2928, Revised General statutes quoted in the main opinion may without reference to Chapter 3900 fairly be construed to extend to causes of action that *accrue out of the State and* to defendants who *had not resided in this State* when the foreign cause of action accrued (Hargis v. Haviland, 9 Fla. 15), certainly the quoted qualifying provision of Section 14, Chapter 1869, now a part of Section 2928, Revised General Statutes, cannot be construed as applying to the subject matter of Chapter 3900, Acts of 1889, now a part of Section 2939, Revised General Statutes, in view of the intent to exclude qualifying matters clearly indicated by the title and by the positive, explicit, comprehensive and complete provisions of Chapter 3900. See Wright v. Mordaunt, 77 Miss. 537, 27 South. Rep. 640; Maitland v. Keith, 30 Miss, 499; Clements v. Brown, 31 Miss. 93.

The provisions of the Revised Statutes, the General Statutes and the Revised General Statutes do not purport

to modify the intent and effect of Chapter 3900, Acts of 1889, such provisions of the three revisions are: "Actions other than those for the recovery of real property can *only* be commenced as follows: "Within seven years. An action upon a judgment or decree of any Court of the United States, or of any State or Territory within the United States, or of any foreign country." See Section 1294, Revised Statutes, 1892; Section 1725, General Statutes, 1906; Section 1725, Compiled Laws, 1914; Section 2939, Revised General Statutes, 1920, Chapter 3900 quoted above and Chapter 3905, authorizing the Revised Statutes of 1892, were enacted at the same session of the Legislature, and the latter does not contemplate a change of the former act.

The statutes of this State do not contemplate that an action on a *foreign* judgment or decree may be brought in the courts of this State, "except within seven years from the rendition of such judgment or decree." See Brown v. Case, 80 Fla. 703, 86 South. Rep. 684.

TERRELL, J., concurs.