**ELIJAH HUDSON, JR., v. MARGARET McCALL HAY**

13 So. (2nd) 10                                    January Term, 1943
April 16, 1943                                        Division A

*R. H. Amidon,* for appellant.

*Marvin D. Garrison,* and *John S. Edwards,* for appellee.

BUFORD, C. J.:

On July 24, 1931, plaintiff in the court below, appellee here, secured a judgment against the defendant, appellant here, in the District Court of the Fourth Judicial District of the State of Minnesota. The defendant then resided in that State. Thereafter appellant became a resident of the State of Florida and on July 23, 1941, the appellee instituted suit in the Circuit Court of Polk County, Florida, against the appellant, pleading as her cause of action the Minnesota judgment. After demurrer sustained, amended declaration was filed in which it was alleged, inter alia:

"On July 24th, 1931, in that certain cause wherein Margaret McCall Hay was plaintiff and Elijah Hudson, Jr., was defendant, in the State of Minnesota, County of Hennepin, in the District Court, Fourth Judicial District, that the said plaintiff did recover a judgment of and from the defendant of the sum of $5,221.00 the amount claimed and interest with $7.00 costs and disbursements as taxed and allowed amounting in the whole to the sum of $5,228.00. The plaintiff further shows that personal service was obtained on the defendant in the State of Minnesota when the civil action was begun that lead to the Plaintiff obtaining the above judgment against the said defendant.

"The plaintiff further alleges that the said defendant, Elijah Hudson, Jr., has not been a resident of nor resided in the State of Florida for the seven years next preceding the filing of this suit."

Certified copy of judgment was attached to and made a part of the declaration, as was also copy of her complaint in the Minnesota court.

The defendant filed four pleas to the amended declaration which were as follows:

"First Plea.

"That the alleged cause of action herein did not accrue within seven years of the institution of this suit.

"Second Plea.

"That the judgment sought to be recovered on herein is not a valid and binding obligation at this time.

"Third Plea.

"That no recovery could be had on said judgment in the State of Minnesota at this time, the statute of limitations having run against same.

"Fourth Plea.

"And for plea on equitable grounds the defendant herein says: that the plaintiff should not be allowed to have a judgment in the State of Florida on her alleged claim for the reason that under the laws of the State of Minnesota statute of limitations runs against judgments in ten years when no payment has been made thereon and same thereafter become absolutely of no further force and effect whatsoever and nothing can be thereafter done to in anywise enforce same. That suit was filed herein on July 23, 1941, which was one day before the running of the Statute in the State of Minnesota. That the judgment has become absolutely extinguished. in Minnesota at this time and that it would not be equitable or just nor could this court in good conscience allow, by any suit such as the instant one, the entry of a judgment based thereon which would in legal effect revive same for a period of twenty years."

On motion, all pleas were stricken. The First Plea was insufficient because it was not responsive to the allegations of the declaration wherein it was alleged in the declaration: "that the said defendent, Elijah Hudson, Jr., has not been a resident of nor resided in the State of Florida for the seven years preceding the filing of this suit."

See Van Deren v. Lory, 87 Fla. 422, 100 So. 794; Holley v. Coffee, 123 Ala. 406, 26 So. 239, and cases there cited.

The Second, Third and Fourth Pleas were bad in substance because neither of said pleas alleged that the cause of action was barred by the statute of limitations of the State of Minnesota at the time suit was instituted on the cause of

action in Florida. On the contrary, the allegations of the Fourth Plea are to the effect that the statute of limitations of the State of Minnesota applicable to this cause of action had not run when the suit was instituted.

Appellant contends that we should reconsider the question which was presented in the Van Deren case, supra, and is again presented here and now overrule the holding in the Van Deren case. We find no sufficient reason to warrant our pursuing such course.

It, therefore, follows that the judgment should be and is affirmed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.