190 So.2d 8 (1966)
AVIATION CREDIT CORPORATION, Appellant,
v.
George E. BATCHELOR, Appellee.
No. 66-189.
District Court of Appeal of Florida. Third District.
September 6, 1966.
Rehearing Denied October 5, 1966.
*9 Batchelor, Brodnax, Guthrie & Kindred, Miami, for appellant.
Nicholson, Howard, Brawner & Lovett, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The trial judge entered a summary final judgment for the defendant-appellee in an action upon a promissory note. The plaintiff appeals. The summary final judgment was entered upon a finding "that the defendant is entitled to a judgment as a matter of law on the grounds that the California statute of limitations prescribed for the filing of this civil action set out in plaintiff's complaint governs and has expired."
The only facts before the court are contained in the complaint and answer and in a deposition of the defendant. The material facts are undisputed; therefore, the question presented is whether or not the defendant-appellee was entitled to a judgment as a matter of law.
The copy of the promissory note attached to the complaint shows that the note was executed by the appellee on April 22, 1957, in Burbank, California. The note was part payment for the purchase price of an airplane and was made payable at the payee's place of business "or at such other place as the holder thereof may from time to time designate." The note designated the payee, "L.B. Smith Aircraft Corporation, an Ohio corporation", as the "holder". The address of the corporation, as set forth in the note was "P.O. Box 456, International Airport, Miami 48, Fla." The answer admits that the defendant-appellee is a resident of Dade County, Florida, and that he executed the note. The note was assigned to the plaintiff in June of 1957, and the default occurred on April 22, 1958.
The question presented arises out of defendant's second defense; that is, the action is barred by the statute of limitation. This defense alleges that the defendant was a resident of the State of California at the time the note was executed, and that he continued to reside in that state until June of 1965. It then alleges that the cause of action "arose in the State of California and by the laws of the State of California an action thereon cannot be maintained against defendant by the reason of the lapse of time." See Fla. Stat. 1963, § 95.10 F.S.A. Attached to the defense is a copy of a portion of the California Code of Civil Procedure setting forth the statute of limitations applicable to promissory notes.
Appellant presents two points. The first urges that there is an issue as to where the note was actually signed. The second point urges that section 95.07, Fla. Stat. 1963, F.S.A., is applicable and that it tolled the Florida statute of limitations until the defendant came to Florida. The first point does not present a genuine issue of material fact because the place where the note was signed has no effect upon the application of the statute of limitations under the facts in this case.
The appellant's second point requires a consideration of three separate sections of the Florida statutes. In Florida, the statute *10 of limitations on promissory notes which are not under seal is five years. See Fla. Stat. 1963, § 95.11(3), F.S.A. The Florida "borrowing statute" is section 95.10, Fla. Stat. 1963, F.S.A., which provides:
"Limitation upon causes of actions arising out of the state.  When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state."
The section of the Florida statutes upon which appellant relied to toll the Florida statute of limitations is section 95.07, Fla. Stat. 1963, F.S.A. The tolling statute provides:
"Limitations, absence of defendant from state.  If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action shall have accrued he depart from the state, the time of his absence shall not be part of the time limited for the commencement of the action."
In determining whether the trial judge correctly applied the statute of limitations under the facts of this case, we begin with the rule that the statute of limitations to be applied is that of the forum. Brown v. Case, 80 Fla. 703, 86 So. 684 (1920).
Section 95.10, Fla. Stat. 1963, F.S.A., which is our borrowing statute, was applied by the trial judge upon the basis that the cause of action arose in the State of California. The record supports appellee's contention that he was a resident of the State of California at the time of the default and that he continued as such resident for more than five years prior to the filing of the action. The determinative question is whether or not the cause of action arose in the State of California.
A majority of the courts hold that a cause of action arises or accrues in the jurisdiction in which the contract was to be performed. See Ester "Borrowing Statutes of Limitation and Conflict of Laws", 15 U.Fla. L.Rev. 33, 50 (1962). However, some jurisdictions would hold that a cause of action arises only where a right of action can be enforced. Cf. Courtlandt Corporation v. Whitmer, Fla.App. 1960, 121 So.2d 57; and cases cited in Payne v. Kirchwehm, 141 Ohio St. 384, 48 N.E.2d 224, 229, 149 A.L.R. 1217 (1943). Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775 (1907), is a typical example of the application of the latter principle.
In the Bruner case, supra, the note had been executed in the forum and was payable in New York. The makers had moved from the forum and had become residents of Missouri at the time the note matured. The court applied the borrowing statute of the forum and held that no suit to foreclose the mortgage could be maintained because an action on the note was barred by the Missouri statute of limitations. The court reached its decision by holding that the cause of action arose in Missouri; that is, the residence of the maker. The court did not consider the place of payment. Therefore, we are not inclined to accept the Bruner case as authority for holding that the cause of action in the case sub judice arose in California.
In McKee v. Dodd, 152 Cal. 637, 93 P. 854, 14 L.R.A.,N.S., 780 (1908), the court discussed the issue which was ignored in the Bruner case. In the McKee case the notes were executed in New York by New York residents and were payable in New York. The maker was residing in Europe when the notes matured. When an action was brought upon the notes, the defendant had been a resident of Hawaii for a period of time which was sufficient to bar an action upon the notes in that territory. The court held that the cause of action arose at the place of payment (New York), and that the borrowing statute had reference to the "primary and original jurisdiction in which *11 the cause of action arises", and should not depend upon the "peripatetic inclinations" of the defendant.
In the case sub judice the note was executed in a sister state by a non-resident of the forum, and was payable in the forum. The maker was not a resident of the forum at the time of default, but this fact should not affect the accrual of the cause of action. The maker had promised to pay in Florida. When he breached this promise, the plaintiff had a cause of action. The incident (failure to pay) which created the cause of action occurred in Florida; therefore, the cause of action arose in Florida. To say that the cause of action did not arise in Florida because the defendant was not amenable to service of process at the time of the breach is specious reasoning. The accrual of a cause of action does not depend upon the coincident existence of all of those factors which are necessary to transform the cause of action into a judgment. The law provides a remedy for wrongs; i.e., a right of action upon a cause of action.[1] If the plaintiff seeks a judgment in personam, in most cases, our laws require personal service of process upon the defendant. Therefore, the unavailability of the defendant in a given state may have an effect upon the availability of an immediate remedy in that state, but this does not mean that no cause of action accrued in that state.[2]
We hold that the cause of action accrued at the place of performance  Florida. Therefore, the borrowing statute, Fla. Stat. 1963, § 95.10, F.S.A., is not applicable because the cause of action did not arise in another state.
This leaves the question of the applicability of section 95.07, Fla. Stat. 1963, F.S.A., which the plaintiff relied upon to toll the running of the statute of limitations (Fla. Stat. 1963, § 95.11(3), F.S.A.). The appellant contends that this section extends the time within which the appellee may be sued in this State because the appellee was not a resident of this State prior to 1965.
The predecessor of the present statute was not applicable if the defendant had not been a resident of this State when the cause of action accrued. See Haviland, Clark & Co. v. Hargis, 9 Fla. 15 (1860). However, the appellant's position is supported by the decision in Seaver v. Stratton, 133 Fla. 183, 183 So. 335 (1937), where it was held that an action against Stratton, a citizen of New York, was not barred where the total time of his residence in Florida did not exceed the Florida period of limitation. See also Van Deren v. Lory, 87 Fla. 422, 100 So. 794 (1924), where the Court held that the section now being considered extended the time for suit upon a foreign judgment where the defendant had not been a resident of this State until shortly before the suit.
A literal application of section 95.07, Fla. Stat. 1963, F.S.A., would require a conclusion that the section is not applicable to this case because one cannot return to the state unless he has first been in the state; however, the prior decisions of our Supreme Court have held that the statute is applicable.
The action was brought within the five year period of limitations, Fla. Stat. 1963, § 95.11(3), F.S.A.; therefore, the trial judge erred in entering a summary final judgment for the defendant.
The appellee has urged that the appellant cannot maintain this action because it has failed to comply with the provisions of Chapter 613, Fla. Stat. 1963, F.S.A. See § 613.04, Fla. Stat. 1963, F.S.A. We have not considered this point because the record on appeal is inadequate.
Reversed.
NOTES
[1] See Griffin v. Workman, Fla. 1954, 73 So.2d 844; 1 Am.Jur.2d Actions § 2.
[2] Cf. West v. Theis, 15 Idaho 167, 96 P. 932, 17 L.R.A.,N.S., 472 (1908).