HENDRY, Judge.
Appellant, defendant below, appeals a summary judgment entered by the trial court in favor of appellee, plaintiff below.
Appellee filed a complaint, subsequently amended, against appellant seeking damages based on a foreign judgment dated January 11, 1961. Thereafter, appellant filed his answer and certain affirmative defenses. After both appellant and appel-lee filed motions for summary judgment, the trial court granted appellee’s motion. From this summary judgment, defendant appeals.
Appellant contends on appeal, among other points, that the summary judgment should be reversed because genuine issues of material facts remained unresolved at the time the judgment was granted. We agree with this contention.
Appellant’s first affirmative defense set forth that appellee’s claim, based on the foreign judgment, was barred by Section 95.11, Florida Statutes (1974), because the cause of action was not commenced within the seven year period allowed by the statute of limitations. However, Section 95.07, Florida Statutes (1974), provides that this seven year period will be tolled during any period of time, after a cause of action has accrued against a person, if he is out of the State of Florida.
Our review of the record indicates that, at the time the trial court entered summary judgment in favor of appellee, it was unclear as to what period of time appellant has been in the State of Florida. Therefore, this question presented a genuine issue of a material fact that was not sufficiently resolved to entitle appellee to a summary judgment. Fla.R.Civ.P. 1.510.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authority cited, the summary judgment appealed is reversed and remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.