**In re Robert F. CONRAD, Debtor.**

**No. 00–00012–9P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 26, 2000.

Edward R. Miller, Richard J. Hollander, Miller & Hollander, Naples, FL, for debtor, Robert F. Conrad, Cape Coral, FL.

Terry E. Smith, Bradenton, FL, trustee.

John H. Mueller, Smith, Clark, Delesie, Bierley, Mueller & Kadyk, Tampa, FL, Vin A. Fichter, Woodland Hills, CA, for creditors.

**ORDER ON MOTION TO DISMISS BANKRUPTCY CASE (Doc. No. 11) and ORDER ON MOTION TO STRIKE MOTION TO DISMISS BANKRUPTCY CASE (Doc. No. 37A)**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS IS a Chapter 13 case filed by Robert F. Conrad (Debtor). The immedi-

ate matter under consideration is a challenge by James and Sandra Atkins, and 11 additional creditors (collectively referred to as Thirteen Judgment Creditors or Movants). It is the contention of the Movants that the Debtor is ineligible for relief under Chapter 13 because he is indebted in the amount of $6,563,043.69, an amount in excess of the $269,250.00 cap fixed for eligibility for Chapter 13 relief by Section 109(e) of the Bankruptcy Code.

The claim of the Movants is based on a Final Judgment entered against the Debtor in the United States Bankruptcy Court for the Central District of California in an adversary proceeding styled, *John Davies, et al. vs. Robert F. Conrad,* Adversary Proceeding No. SV 88–01545 GM (formerly LA 88–01545GM) (California Final Judgment).

It is the contention of the Debtor that the Debtor's obligation based on the California Final Judgment is barred by Fla. Stat. 95.11, the applicable statute of limitations of this State. The undisputed facts relevant to the issue under consideration are as follows:

The California Final Judgment entered on May 26, 1994, was based on a complaint filed by 37 individuals, a professional corporation, and a retirement account, who sought, among other things, a determination that the debt claimed to be owed to those plaintiffs should be excluded from the protection of the general discharge by virtue of Section 523(a)(2) of the Bankruptcy Code. The Bankruptcy Court in California found that the Debtor defrauded the plaintiffs and entered the California Final Judgment in the amount of $6,563,043.69, including treble damages for a RICO violation, attorney's fees and interest.

Following the entry of the California Final Judgment, the plaintiffs obtained a writ of execution in California and an earnings withholding order. The Order was served on Continental Airlines, the Debtor's employer. Pursuant to the Order, the plaintiffs received a portion of the Debtor's earnings until the Debtor filed his Chapter 13 case in this Court on January 3, 2000.

The Debtor is not a newcomer to the Bankruptcy Court. Even disregarding his previous cases in California, his present Chapter 13 case followed a Chapter 7 case filed in this Court shortly after he moved to Florida. On November 2, 1999, he received his discharge and his Chapter 7 case was closed. None of the Movants sought a determination in the 1999 Chapter 7 case that the Debtor's liability based on the California Final Judgment is excepted from the overall protection of the general discharge, which he received in that Chapter 7 case.

As noted earlier, it is the contention of the Movants that the Debtor is ineligible for relief under Chapter 13 because his obligation to the Movants is far in excess of the cap fixed by Section 109(3). The Movants further contend that this Chapter 13 case was filed in bad faith and that this case is nothing more than a two party dispute.

In opposition, the Debtor contends that the Movants do not have a valid enforceable claim against him because their claims are barred by Fla.Stat., Section 95.11(w)(a). In addition, the Debtor contends that the claim is invalid and unenforceable because the California Final Judgment has been discharged in his prior Chapter 7 case.

Since the challenge to the Debtor's eligibility under Chapter 13 represents a threshold issue, the initial inquiry should be addressed to the effect of Fla.Stat. 95.11(2)(a) on the enforceability of the California Final Judgment. This statute provides as follows:

Actions other than for recovery of real property shall be commenced as follows:

(1) . . .

(2) WITHIN FIVE YEARS—

(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory

in the United States or a foreign country.

(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.

The Movants obtained their California Final Judgment on May 26, 1994. A literal application of the statute indicates that the Movants had to commence an enforcement action on their Judgment prior to May 16, 1999. To overcome this reading of the statute, the Movants contend that the bar period must be calculated not from the date of entry of the California Final Judgment, but from the date the Debtor established his residence in this State, that is March 1999. In support of this proposition, the Movants cite the case of *Van Deren v. Lory*, 100 So. 794, 87 Fla. 422 (Fla.1924).

In *Van Deren*, the Court held that the intent of the Legislature was that the statute of limitations (at that time seven years) should not begin to run until the time when the courts of this state had jurisdiction to adjudicate between the parties upon a particular cause of action. The holding in *Van Deren* was followed in *Hudson v. Hay*, 152 Fla. 746, 13 So.2d 10, (1943) and by the Third District Court of Appeals in *Aviation Credit Corp. v. Batchelor*, 190 So.2d 8, 11 (Fla. 3rd DCA 1966); see also *Cicurel v. Galton*, 338 So.2d 57 (Fla. 3rd DCA 1976).

In opposition, the Debtor contends that the cases cited by the Movants were decided prior to the amendment of the statute of limitations in 1976, therefore, no longer supports the proposition urged by the Movants. The Debtor points out that the court in *Van Deren* was interpreting Section 2928, Revised General Statute 1920, which deals with the situation when the Defendant was absent from the state and it held that the statute did not start to run until the Defendant returned to the state. This version of the statute further provided that if the Defendant left the state after the cause of action accrued, the statute was tolled during his absence.

The Debtor also relies on the proposition accepted by the case of *Fulton County Adm'r. v. Sullivan*, 22 Fla.L. Weekly S578–79, 1997 WL 589312 (Fla.1997) that the legislature set forth the limited circumstances which would toll the statute of limitations. The court in *Sullivan* also noted that when interpreting the statute, legislative intent is the polestar by which the court must be guided, and the intent must be gleaned primarily from the plain language of the statute. While the Florida Supreme Court withdrew the 1997 *Sullivan* opinion in November 1999, they have cited to the reasoning of the 1997 *Sullivan* opinion as authority for their opinion in *Federal Ins. Co. v. Southwest Florida Retirement Center, Inc.*, 707 So.2d 1119, 1121 (Fla.1998).

The undisputed facts before this Court can lead only to one conclusion, which is that Fla.Stat. 95.11(a)(2) does not act as a bar to the California Final Judgment. This is so because neither the cases cited by the Debtor nor the general principles announced by those decisions apply in the present case. The interpretation of the statute urged by the Debtor would produce an absurd and unacceptable result for the following reasons.

The California Judgement was entered against the Debtor who was a resident of California. The Movants commenced enforcement proceedings and, in fact, received payment pursuant to the Order. Shortly thereafter, the Debtor moved to Hawaii, and did not establish his residence in Florida until May 1999. Clearly, he was not subject to the jurisdiction of any court of this state until he established his residence here. The controlling facts are completely different from the facts involved in the cases cited by the Debtor, *Balfour Beatty Bahamas, Ltd. v. Bush*, 170 F.3d 1048 (11th Cir.1999); *Haviland, Clark & Co. v. Hargis*, 9 Fla. 15 (Fla.1860).

As an alternative, the Movants contend that under the Uniform Enforcement of Foreign Judgment Act, they are entitled to

have their California Final Judgment registered. They further contend that the registration is not subject to the statute of limitations because it is not a new action, but merely a continuation of the California suit. Thus, the enforcement of the California Final Judgment is governed by the California ten-year statute of limitations. Calif.Code of Civil Procedure, § 681.

In sum, this Court is satisfied for the reasons stated that the Movants' claims are not barred by the statute of limitations and are allowable under Section 502 of the Bankruptcy Code. From this it follows that the Debtor is not eligible for relief under Chapter 13. The Movant's Motion to Dismiss is well taken and shall be granted. In light of the foregoing, it is unnecessary to rule on the contention of the Movants that the Petition was filed in bad faith. It is also unnecessary to rule on the Motion to Strike as it should be denied as moot.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Bankruptcy Case be, and the same is hereby, granted, and the Chapter 13 Petition filed by the Debtor is hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Motion to Dismiss Bankruptcy Case be, and the same is hereby, denied as moot.