**In re Thomas A. GOODWIN, Debtor.**

No. 04–9653–9P3.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 20, 2005.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

### ORDER ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS MATTER came on for hearing upon Thomas Goodwin's (Debtor)·Amended Objection to Claim No. 2 Filed by Peter Prescott and Sandra Prescott (Claimants) filed January 7, 2005, and a Response regarding same filed January 12, 2005, by Claimants. On February 23, 2005, the Debtor filed a Motion for Summary Judgment regarding the Amended Objection. It is the contention of the Debtor that there are no genuine issues of material fact and, based on same, he is entitled to a judgment as a matter of law sustaining his Objection to the allowance of Claim No. 2 filed by the Claimants and disallowing the claim with prejudice.

The facts as established by this record are, indeed, without dispute and can be summarized as follows:

On June 10, 1994, the Debtor and his spouse (the Debtors) filed their Voluntary Petition for Relief under Chapter 11 in the United States Bankruptcy Court, District of Maine. On August 5, 1994, the Bankruptcy Court in Maine granted a Motion for Relief from the Automatic Stay permitting the claimants to liquidate their claim against the Debtors in the appropriate State Court. After a trial by jury in the State Court, the jury found in favor of the Claimants and, based on the jury's verdict, the Superior Court in Kennebec County of Maine entered a final judgment on August 25, 1995 in favor of the Claimants and against the Debtors in the amount of $202,110.00. On August 12, 1995, the Debtors' Chapter 11 case was converted to a Chapter 7 case. On March 8, 1996, the Debtors obtained a general bankruptcy discharge. However, on August 2, 1996, the Bankruptcy Court entered a judgment in an adversary proceeding filed by the Claimants against the Debtors and sought a determination of nondischargeability of the State Court judgment. The Bankruptcy Court determined that $72,074.85 together with statutory interest and fees and costs attributable to the nondischargeable debt shall be excepted from the overall protection of the general bankruptcy discharge.

On May 12, 2004, the Debtor who is not a newcomer to the Bankruptcy Court having filed two cases before, one in Maine and one in this Court in 1999, filed his third Petition for Relief under Chapter 13. On August 20, 2004, the Claimants timely filed a proof of claim in this Chapter 13 case in the amount of $207,279.24 (Claim No. 2). The Debtor promptly challenged Claim No. 2 contending that the Claimants' claim is barred by the applicable Statute of Limitations. In the alternative the Debtor claims that the Debtors' discharge obtained in the Bankruptcy Court in Maine bars, at least in part, the claim asserted by the Claimants in their proof of claim No. 2.

In considering whether summary judgment is warranted, this Court adheres to the standards set forth by the United States Supreme Court. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(holding the standard of proof in summary judgment rulings is the same as it would be at trial); *Celotex v. Catrett*, 477 U.S. 317, 323–35, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(discussing the appropriate burdens

of proof and types of evidence to use in summary judgment decisions); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(detailing the elements of summary judgment analysis).

The Objection raised by the Debtors involves the interpretation and application of two Florida Statutes because both the State Court and Bankruptcy Court judgments at issue originated in Maine. Thus, they are defined as foreign judgments under Florida law. *See* **Fla. Stat. Ch.'s** 55.502(1); 95.11(2)(a). There are two avenues of enforcement available in Florida to creditors holding foreign court judgments, a traditional common law action to enforce a judgment or domestication of a judgment via registration with the state. The Court first examines the latter option.

In 1984, Florida enacted its version of the Uniform Enforcement of Foreign Judgments Act, referred to as the Florida Enforcement of Foreign Judgments Act (FEFJA). **Fla. Stat. Ch.'s** 55.501– 55.509(2004). The statute directs courts to interpret and construe the FEFJA "... to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it." **Fla. Stat. Ch. 55.502(2004).** FEFJA provides a uniform system for individual states to afford the judgments of other state and federal courts the full faith and credit due them under the United States Constitution. *See* **U.S. Const.** art. IV, § 1; *Trau-*

*ger v. A.J. Spagnol Lumber Co.,* 442 So.2d 182, 183–4 (Fla.1983)(holding full faith and credit clause prevents the Florida legislature from directing Florida courts to review the cause of action underlying foreign judgments otherwise enforceable in Florida); *Joannou v. Corsini,* 543 So.2d 308, 310 (Fla. 4th Dist.Ct.App.1989)("This statute merely adopts the method by which foreign judgments, entitled to full faith and credit under constitutional standards, may become Florida judgments for enforcement purposes."). FEFJA contains a two step process:

(1) recognition and (2) enforcement.

## RECOGNITION OF THE CLAIMANTS' JUDGMENT UNDER FEFJA

■ Recognition of the Claimants' judgments is achieved by following certain steps requiring the payment of fees and the filing of appropriate paperwork with the clerk of the circuit court of any county. **Fla. Stat. Ch.'s** 55.503 and 55.505.[1] The record reflects the Claimants, on March 4, 1998, filed an Affidavit referring to the date of the first state court judgment in Maine and attached registered copies of both the state and bankruptcy court judgments in Sarasota County pursuant to FEFJA. Preliminarily, the Court addresses the Debtor's argument made at the hearing and in the summary judgment motion that Claimants' failure to file an individual affidavit referencing each of the

---

**1.** As the Debtor does not argue any statute of limitation bars registration of the Claimants' judgments, the Court need not address this issue. The Court notes less than two years passed between the judgments and the registration, a period of time well within any of the statutes of limitation discussed with regard to enforcement below. The Court notes the law in Florida appears to simply require the judgment be enforceable in the forum state in order to qualify for registration under FEFJA. *See, e.g., Policemen's & Firefighters' Retire-*

*ment Fund v. Tranter (In re Tranter),* 245 B.R. 419, 420–422 (Bankr.S.D.Fla.2000)(holding Kentucky judgment unenforceable in Kentucky was not eligible for recordation under FEFJA); *New York State Dept. of Taxation v. Patafio,* 829 So.2d 314, 317 at n. 4 (Fla. 5th Dist.Ct.App.2002)(noting neither registration nor a common law action on a judgment is available on a judgment no longer enforceable in the state where originally rendered); *Muka v. Horizon Financial Corp.,* 766 So.2d 239, 241 (Fla. 4th Dist.Ct.App.2000)(same).

judgments separately somehow bars registration of the bankruptcy judgment. The Debtor offers no case law in support of this position, nor could the Court locate any case supporting this proposition.

The statutory requirement concerning the contents of the affidavit do not contain this requirement: "(1) At the time of the recording of a foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post office address of the judgment debtor and of the judgment creditor." **Fla. Stat. Ch.** 55.505(1)(2004). Claimants' Affidavit contains all of the information required by the statute. The Clerk of the Circuit Court for Collier County recorded each judgment in the official public records at O.R. Book No. 2394 at Pages 2451-3. The Court rejects Debtor's argument and finds as both the Maine state court judgment and the Maine bankruptcy court judgments are appropriately recorded, the judgments are recognized under FEFJA[2] in this State.

### ENFORCEMENT OF THE CLAIMANTS' JUDGMENT UNDER FEFJA

■ As the Claimants' judgments are recognized under FEFJA, each judgment is now "domesticated" for the purposes of enforcement. To be precise, the statute states, "A judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state." **Fla. Stat. Ch.** 55.503(1)(2004). The next issue raised by the parties is which statute of limitation to apply to enforcing the judgment under FEFJA, as there is no express limitation period contained in the FEFJA provisions.

The statutes of limitation in Florida relevant to this dispute are found in **Fla. Stat. Ch. 95.11,**[3] stating:

Actions other than for recovery of real property shall be commenced as follows:

(1) **Within twenty years.**—An action on a judgment or decree of a court of record in this state.

(2) **Within five years.**—

(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

**Fla. Stat. Ch. 95.11(1)-(2)(a)(2004).** Florida adopted a non-uniform clause in the FEFJA, which provides with reference to construing the Act, "(4) nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments." **Fla. Stat. Ch.** 55.502(4)(2004). The Debtor urges the Court must interpret the non-uniform lan-

---

2. The Court notes this ruling is also consistent with this Court's understanding as stated in open court that the state court judgment determines the debt owed to Claimants and the bankruptcy court judgment determines the character of the debt pursuant to the United States Bankruptcy Code.

3. The Court notes Maine has no statute of limitations on an action on a judgment, rather there is a statute creating a presumption of payment after 20 years elapses. The presumption is not an absolute bar as it may be rebutted. *See Carter v. Carter* 611 A.2d 86, 87–88 (Me.1992). The relevant statute states: "Every judgment and decree of any court of record of the United States, or of any state, or justice of the peace in this State shall be presumed to be paid and satisfied at the end of 20 years after any duty or obligations accrued by virtue of such judgment or decree." 14 **M.R.S.A.** § 864.

guage in **Fla. Stat. Ch.** 55.502(4) as an express five year limit on the rights of Claimants to enforce their judgment under FEFJA. Claimants argue this result in not necessary or warranted by the cases interpreting this issue in Florida.

An extensive review of cases in this area reveals, until quite recently, the law in this area was not well settled. However, a recent Florida Supreme Court opinion, and the Fifth District Court of Appeal opinion it affirmed, each shed significant light on the subject. In *Nadd v. Le Credit Lyonnais, S.A.*, 804 So.2d 1226, 1233–1234 (Fla. 2001), the Florida Supreme Court answers similar certified questions arising under the Uniform Out-of-country Foreign Money–Judgment Recognition Act (UFMJRA) regarding recognition and enforcement of two French judgments. The Florida Supreme Court held that under UFMJRA, recognition of the French judgments requires a review only of the French statute of limitations to ensure the judgments are still enforceable in France. 804 So.2d at 1233. Once recognized and domesticated, the French judgments are enforceable for a period of twenty years in accordance with **Fla. Stat. Ch.** 95.11(1). 804 So.2d at 1233–34. The *Nadd v. Le Credit Lyonnais, S.A.* opinion provides a blueprint for analysis of which Florida general statute of limitations applies to the uniform law adopted in this case, when it states, "... we seek to reconcile the policy underlying the UFMJRA of adequately affording reciprocal treatment of foreign judgments with our express limitations periods." 804 So.2d at 1228–29.

In effect, the analysis in *Nadd v. Le Credit Lyonnais, S.A.* directs this Court to balance the policy behind the FEFJA against the express provisions found in the relevant Florida statutes. The Fifth District Court of Appeals opinion affirmed by *Nadd v. Le Credit Lyonnais, S.A.* contains a detailed analysis of the history and cases surrounding the FEFJA at issue in this case. *Le Credit Lyonnais v. Nadd*, 741 So.2d 1165, 1168–73 (Fla. 5th Dist.Ct.App. 1999).[4] The Fifth District Court of Appeal turned to examining FEFJA as the two statutes are very similar and there is a dearth of case law on the UFMJRA. 741 So.2d at 1168. This Court relies on this well researched and detailed opinion as the most accurate expression of the history and policy behind the FEFJA, and shall not seek to restate the same history and issues here.

In analyzing the FEFJA, the Fifth District Court of Appeals commented on the non-uniform provision found in **Fla. Stat. Ch.** 55.502(4),[5] stating:

> What the Legislature intended by section 55.502(4) is not clear. *The drafters of that provision may have wished to make "clear" that the five-year statute remains as a bar to suits brought under the common law mode of enforcement, having referenced that remedy in a closely preceding provision.* Or they may have meant to provide that even though the Uniform Act provides a new and different method to enforce a foreign judgment by simply recording it, and thereby transforming it into a Florida judgment, it remains subject to the five-year statute of limitations bar rather than the twenty-year bar applicable to domestic judgments, despite the later provisions which require that it be treated in all ways like a Florida judgment.

---

4. The Florida Supreme Court agrees with and expressly approves the Fifth District Court of Appeals opinion it affirms. 804 So.2d at 1228–30.

5. There is no provision found in the UFMJRA to correspond to the FEFJA non-uniform provision.

There are no definitive Florida cases regarding application of the Florida statute of limitations to a judgment sought to be recorded under the UEFJA.

741 So.2d at 1169 (emphasis added).

After careful consideration of the Statute and the various discussions in cases on this issue, the Court finds the more accurate interpretation of the non-uniform FEFJA provision appears in the emphasized portion of the above quote. This Court is satisfied that the language limiting construction of the FEFJA expressed in **Fla. Stat. Ch.** 55.502(4) refers to the Statute of Limitation applicable to a party's ability to bring a common law action on to enforce a judgment, which right is expressly preserved in **Fla. Stat. Ch.** 55.502(2).[6] To hold otherwise places a greater restraint on the enforcement of foreign judgments than is warranted in light of the policy behind adopting the FEFJA and similar Uniform laws.

The policy in question is expressed in the language of the FEFJA itself, to wit "(3) This act shall be interpreted and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it." **Fla. Stat. Ch.** 55.502(3). Further, states adopting the Uniform Acts presumably recognize the importance of reciprocity. 741 So.2d at 1172. Florida has an interest in a fair interpretation of the FEFJA provisions if it wishes its judgments to be treated fairly in other states adopting the Uniform Laws. *See* 804 So.2d at 1233, 741 So.2d at 1172 ("Achieving enforcement of Florida's judgments abroad by according foreign judgments reciprocity of treatment in Florida was the primary purpose for enacting the UFMJRA, as well as the UEFJA [FEFJA].").

Permitting strained readings which obviate the clear language providing a judgment, once domesticated, shall be treated in the same manner as a Florida state court judgment is not necessary or warranted. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Alford, (In re Alford)*, 308 B.R. 563, 568 (Bankr.S.D.Ala.2002)(holding five year limitation applies due to "plain language" of **Fla. Stat. Ch.** 55.502(4), though so holding "seems to be at odds with the purpose of the Act")(interpreting *Nadd* cases as applicable only to UFMJRA).

Thus, this Court finds the policy issues behind FEFJA are virtually identical to those stated in the Florida Supreme Court and Fifth District Court of Appeals *Nadd* opinions, and adopts the analysis and reasoning of those cases to hold the Claimants' judgments in this case are domesticated under the FEFJA, and shall be enforced in the same manner as any judgment entered by a Florida state court. This conclusion is further supported by the plain language of 55.503(1), and by Florida cases recognizing domestication of a foreign judgment under FEFJA requires courts to treat the judgment as one arising in a Florida court. *See, e.g., Michael v. Valley Trucking Co.*, 832 So.2d 213, 217 (Fla. 4th Dist.Ct.App.2002); *New York State Dept. of Taxation v. Patafio*, 829 So.2d 314, 317 (Fla. 5th Dist.Ct. App.2002); *Dollar Savings and Trust Co. v. Soltesiz, et.al*, 636 So.2d 63, 66 (Fla. 2nd Dist.Ct.App.1994). Accordingly, the twenty year statute of limitation period found in **Fla. Stat. Ch.** 95.11(1) applies to enforcement of the Claimants' domesticated judgments. *Accord In re Conrad*, 252 B.R. 559, 562 (Bankr.M.D.Fla.2000). The Court reiterates its finding that **Fla. Stat. Ch.** 55.502(4) applies to actions brought

---

**6.** "(2) This act shall not be construed to impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under this act." **Fla. Stat. Ch.** 55.502(2)(2004).

on a judgment, and does not require application of the five year statute of limitation found in **Fla. Stat. Ch.** 95.11(2)(a). As a final point on this issue, the Court notes to apply a five year statute of limitation to judgments domesticated under FEFJA would afford less reciprocity in Florida to a judgment entered by a Court of the United States or a state court than is afforded to judgments entered by courts in foreign countries. This point serves to support the Court's conclusion the Claimants' judgments must be treated as Florida state court judgments for the purposes of enforcement.

■ This leaves for consideration the effect, if any, of the nondischargeability judgment entered by the Bankruptcy Court in Maine in the Debtors' Chapter 7 case. It is the contention of Thomas A. Goodwin, the current Debtor that only the amount excepted from the overall protection of the Bankruptcy discharge could be allowed and the balance disallowed. This Court agrees in part with this proposition and agrees that while the Maine judgment amount is allowable as a matter of law since this Court is not in a position to change that amount, only the amount excepted from the discharge would be entitled for distribution in this Chapter 13 case. The amount of the Maine judgment will be determinative concerning the Debtor's eligibility under Section 109(g) of the Bankruptcy Code for Chapter 13 relief. In light of the fact that the amount is substantially less than the Statutory cap for eligibility for relief, which is $290,525.00, and the Maine judgment amount is only $202,110.00, the Debtor's right for relief under Chapter 13 is not in question. *Compare, Conrad,* 252 B.R. at 560.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED the Debtor's Motion for Summary Judgment be, and the same is hereby, denied in part and Claim No. 2 filed by Peter Prescott and Sandra Prescott is not barred by any statute of limitations and is hereby allowed. It is further

ORDERED, ADJUDGED AND DECREED the Debtor's Motion for Summary Judgment be, and the same is hereby, granted in part and Claim No. 2 is allowed for the purpose of distribution in the total amount of $207,279.24 which is inclusive of; post-judgment interest through the May 12, 2004, date of filing; $91,407.22 which includes costs and attorney's fees attendant to the $72,074.85 which represents the portion that was determined to be nondischargeable by the Maine Bankruptcy Court.