HENRY C. HARTLEY, PLAINTIFF IN ERROR, v. JOSEPH R. CRAWFORD, DEFENDANT IN ERROR.

Limitation of Action. The provision in sec. 20, tit. II, of the code of civil procedure that: "If, when a cause of action accrues against a person, he be out of the state, * * * the period limited for the commencement of the action shall not begin to run until he come into the state," etc., applies to all personal causes of action, whether they accrue within, or without this state, or in favor of a resident or a non-resident thereof.

ERROR to the district court for Lancaster county. Heard below before POUND, J.

*A. C. Ricketts*, for plaintiff in error.

*Burr & Kelly*, for defendant in error.

LAKE, CH. J.

The only question presented in this case is raised by a demurrer to the petition. It is whether at the time the action was brought it was barred by our statute of limitations.

The action is founded on a judgment in favor of Crawford and against Hartley, rendered by a justice of the peace in the state of Ohio, on the 21st day of June, 1875, and more than five years before the commencement of proceedings upon it here. Both parties were, at the date of the judgment, residents of Ohio, and ever since have continued to be non-residents of, and absent from this state. It is not claimed that the judgment is barred in Ohio, so that the question must be answered with reference solely to our own statutes upon the subject.

It is conceded by counsel that the decision of the question must turn upon the construction to be given to sec. 10, tit. II., of the code of civil procedure, together with any other modifying provision found therein. The real point of disagreement between counsel seems to be as to whether, in its application to the facts of this case, sec. 10 must be taken in connection with sec. 20 of the same title. Section 10 limits the beginning of " an action upon a specialty, or any agreement, contract, or promise in writting, or foreign judgment " to " five years." If this were to be taken alone, of course the action would be effectually barred. But sec. 20 provides that : " If, when a cause of action accrues against a person, he be out of the state, * * * * the period limited for commencement of the action shall not begin to run until he come into the state," etc. When this cause of action " *accrued*," which was at the date of the judgment in Ohio, the defendant was out of the state," and he has never come into it. He is therefore clearly within the letter, and we think the spirit also, of this provision. The con-

struction contended for by counsel for the plaintiff in error that section 20 applies only to causes of action accruing in this state, " or in behalf of one of our citizens," would be exceedingly forced, and entirely unsupported, as we think, by reason or authority. The language of the statute is general, and applies to all personal causes of action to which a bar is provided in the preceding sections. If the legislature had intended that sec. 20 should only apply to causes of action arising in this state, or in favor of our own citizens, it is not at all likely that language of so general import would have been employed.

We are of the opinion that sections 10 and 20 must be taken together in judging upon the facts of this petition, and that under these the action is not barred.

JUDGMENT AFFIRMED.