0162

Scott PAYNE, Respondent, v. Joseph F. CLAFFY, Appellant.
(315 S. E. (2d) 814)

Court of Appeals

*James H. Moss* and *H. Fred Kuhn, Jr.,* of *Moss, Bailey & Dore,* Beaufort, *for appellant.*

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondent.*

Heard March 30, 1984.

Decided April 30, 1984.

GOOLSBY, Judge.

The sole issue involved in this appeal is whether the statute of limitations prescribed by Section 15-3-600 of the South Carolina Code of Laws (1976) bars the prosecution of an action brought by the respondent Scott Payne against the appellant Joseph F. Claffy to enforce a foreign judgment. Claffy appeals the granting of summary judgment in Payne's favor. We affirm.

Payne obtained a judgment against Claffy on May 14, 1965 in the Corporation Court of the City of Alexandria, Virginia, when both parties resided in Virginia. Several attempts by Payne to collect on his judgment in Virginia proved unsuccessful. Claffy moved to South Carolina about six years ago. Payne continues to reside in Virginia.

Payne instituted the instant action to enforce the Virginia judgment on April 6, 1981, some sixteen years after obtaining it. Claffy defended on the ground that an action based on a foreign judgment cannot be brought in South Carolina after ten years. The applicable statute of limitations in Virginia prescribes a twenty-year period within which to bring an action on a judgment. *See* Va. Code § 8.01-251 (1977). The trial court held in granting Payne summary judgment that no South Carolina statute of limitations barred Payne's action.

Claffy appeals contending that Section 15-3-600 of the South Carolina Code of Laws (1976) bars the prosecution of Payne's action because Payne brought the action more than ten years after the cause of action accrued.

> In an action on a foreign judgment, the statute of limitations to be applied is ordinarily the statute of the state where the action is brought and not that of the

jurisdiction in which the judgment was obtained. 47 Am. Jur. (2d) *Judgments* § 953 at 60-61 (1969); 50 C. J. S. *Judgments* § 872 at 448 (1947); *see Carlton & Co. v. Felder*, 27 S. C. Eq. (6 Rich.) 58 (1853); *Napier v. Gidiere*, 17 S. C. Eq. (1 Speers) 215, 40 Am. Dec. 613 (1843). Unlike several jurisdictions [*see* 47 Am. Jur. (2d) *Judgments* § 952, n. 4 at 60 (1969); 50 C. J. S. *Judgments* § 871, n. 45 at 446 (1947) ], South Carolina has no statute expressly limiting the time within which actions on foreign judgments must be brought.

We agree with Claffy, however, that Section 15-3-600 indirectly applies to actions based on foreign judgments and can serve to bar their prosecution. Section 15-3-600 provides:

> An action for relief not provided for in this chapter must be commenced within ten years after the cause of action shall have accrued.

But there is also Section 15-3-30 of the Code, and it reads as follows:

> If when a cause of action shall accrue against any person he shall be out of State, such action may be commenced within the terms of this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

Section 15-3-30 not only applies to a resident who has temporarily left the state but also to one who moves his residence here for the first time. *Burrows v. French*, 34 S. C. 165, 13 S. E. 355 (1891). As used in Section 15-3-30 the term "return . . . into this State" is the equivalent of "come into this State." *Merchants & Planters National Bank of Sherman v. Appleyard*, 238 N. C. 145, 77 S. E. (2d) 783 (1953); *Van Deren v. Lory*, 87 Fla. 422, 100 So. 794 (1924).

> When Payne began his action on the foreign judgment, Claffy had been a resident of South Carolina for approximately four years and the judgment was still

enforceable in Virginia. *See Hinton v. Townes,* 19 S. C. L. (1 Hill) 439 (1833); *see also Merchants & Planters National Bank of Sherman v. Appleyard, supra; Hartley v. Crawford,* 12 Neb. 471, 11 N. W. 729 (1882). The limitation period prescribed by Section 15-3-600 did not begin to run until Claffy moved to South Carolina and the courts of this state became empowered to adjudicate between the parties upon the particular cause of action. *Clester v. Heidt,* 353 P. (2d) 699 (Okl. 1960); *Van Deren v. Lory, supra; see Burrows v. French, supra; Hartley v. Crawford, supra.* Because Claffy has resided in South Carolina less than ten years and the judgment remains enforceable in Virginia, Payne's action based upon the Virginia judgment is not barred here. *Merchants & Planters National Bank of Sherman v. Appleyard, supra; see Stavrelis v. Zacharias,* 79 N. H. 146, 106 A. 306 (1919); *Nichols v. Farwell,* 24 Neb. 180, 38 N. W. 820 (1888); *see also* Annot., 36 A. L. R. (2d) 567 (1954); Annot., 27 A. L. R. (2d) 839 (1953).

Affirmed.

GARDNER and CURETON, JJ., concur.