702 So.2d 1362 (1997)
Andre LAAGER, Appellant,
v.
Peter KRUGER, Appellee.
No. 97-1428.
District Court of Appeal of Florida, Third District.
December 24, 1997.
*1363 Shutts & Bowen and Maxine M. Long and Joseph M. Goldstein, Miami, for appellant.
Stack Fernandez & Anderson and Lazaro Fernandez, Jr., Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
Laager, a judgment creditor, appeals from an order denying recognition of a foreign country money judgment. For the following reasons, we reverse.
The parties are Swiss citizens who engaged in various real estate investment transactions. Pursuant to a series of agreements in 1991 and 1992, Laager advanced over twenty million U.S. dollars to Kruger. Kruger failed to repay any of the sums advanced. Laager sued Kruger in Switzerland for the amounts due under two agreements. A Swiss default judgment was entered for six million Swiss Francs.
Laager filed suit in Dade County seeking judicial recognition of the Swiss judgment. By orders dated June 13 and July 15, 1995, the Dade Circuit court recognized that judgment.[1] Laager learned that Kruger had fled Switzerland for the Cayman Islands and had been adjudicated bankrupt in Switzerland. Lager then filed suit in the Cayman Islands to collect sums due under the 1991 and 1992 agreements. The action sought to recover money on two distinct claims. The first claim was for installment sums that had come due on the Swiss loans and had not been paid. That claim had never previously been brought in Switzerland or elsewhere. The second claim in the Cayman suit was for the Swiss judgment that was final in Switzerland and had been recognized in Florida. Kruger was personally served in the Cayman Islands and appeared through counsel.
The Cayman Islands court conducted a four-day hearing and entered summary judgment on May 3, 1996, in favor of Laager for 24,300,000 Swiss Francs in addition to the existing Swiss judgment. Laager then filed a motion in the Dade Circuit Court to have the Cayman Islands judgment recognized pursuant to sections 55.601-607, Florida Statutes (1995), the Florida Uniform Out-of-Country Foreign Money-Judgment Recognition Act [the "Act"].
Kruger objected to recognition of the Cayman Islands judgment, arguing that it had been entered under a system incompatible with the requirements of due process of law. The trial court denied the motion to recognize the judgment and ruled that the Act "does not permit recognition of a foreign country money judgment based in part on a judgment obtained in another country."
The trial court abused its discretion in denying Laager's motion to recognize the Cayman Islands judgment. The portion of the Cayman judgment that the trial court characterized as "part of a judgment obtained in another country" had already been recognized in Florida. The portion of the Cayman judgment that determined Kruger owed Laager sums of money due on installments under the Swiss agreement fully comported with all requirements of the Act. Counsel for Kruger was not able to cite to any provision in the Act that prohibits enforcement of the judgment. Based upon our careful review of the record, we conclude that none of the grounds listed in section 55.605, Florida Statutes, are present in this case to justify nonrecognition of the Cayman Islands judgment. The trial court's refusal to recognize the Cayman judgment contravenes the intent of the Act, which is to provide a speedy and certain framework for recognition of foreign judgments. See Chabert v. Bacquie, 694 So.2d 805, 811 (Fla. 4th DCA), review denied, No. 91,100, ___ So.2d ___ (Fla. Nov. 14, 1997).
The order under review is reversed and the cause remanded to the trial court with directions to grant Laager's motion to recognize the Cayman Islands judgment.
NOTES
[1] Those orders are now on appeal to this court in a separate proceeding.