804 So.2d 1226 (2001)
Jean NADD, etc., Petitioner,
v.
LE CREDIT LYONNAIS, S.A., Respondent.
No. SC96917.
Supreme Court of Florida.
November 21, 2001.
Rehearing Denied January 11, 2002.
*1227 Philip A. Allen, III, and Felice K. Schonfeld of Philip A. Allen, III, P.A., Miami, FL, for Petitioner.
Myles H. Malman of Malman & Associates, North Miami, FL; and Robert M. Trien of Pressman & Trien, New York, NY, for Respondent.
QUINCE, J.
We have for review a decision ruling upon the following questions certified by the Fifth District Court of Appeal to be of great public importance:
(1) DOES FLORIDA'S STATUTE OF LIMITATIONS BAR THE REGISTRATION IN FLORIDA PURSUANT TO THE UNIFORM FOREIGN MONEY JUDGMENTS RECOGNITION ACT (UFMJRA) OF TWO MONEY JUDGMENTS OBTAINED IN FRANCE IN 1978 AND 1979?
(2) IF FLORIDA'S STATUTE OF LIMITATIONS IS APPLICABLE, WHICH PROVISION APPLIES: SUBSECTION (1) WHICH REQUIRES THAT AN ACTION (OR PROCEEDING) ON A JUDGMENT OR DECREE OF A COURT OF RECORD IN THIS STATE BE BROUGHT WITHIN TWENTY YEARS; OR SUBSECTION (2)(a) WHICH REQUIRES THAT AN ACTION (OR PROCEEDING) ON A JUDGMENT OF A FOREIGN COUNTRY OR ANOTHER STATE BE BROUGHT WITHIN FIVE YEARS?
Le Credit Lyonnais, S.A. v. Nadd, 741 So.2d 1165 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the first certified question in the negative and hold that a foreign judgment that is enforceable where rendered can be registered in Florida beyond the time periods expressed in Florida's statute of limitations. We also hold, regarding the second certified question, that the twenty-year statute of limitations found in subsection (1) of section 95.11, Florida Statutes (1995), is applicable to actions to enforce foreign country money judgments in Florida.

STATEMENT OF FACTS
Le Credit Lyonnais, S.A. (LCL), a French banking institution, obtained French judgments against Jean Nadd (Nadd). These judgments were entered in France on May 9, 1978, and October 1, 1979, totaling Fr[1] 484,836.51 and Fr 1,976,565.55, respectively. Pursuant to the Uniform Foreign Money Judgment Recognition Act (UFMJRA), sections 55.601-55.609, Florida Statutes (1995), LCL commenced actions in the Circuit Court in Orange County, Florida, on October 4, 1994, and October 6, 1995,[2] seeking to enforce the French judgments. In the complaint, LCL indicated it had recorded a certified copy of the French judgments as well as certified translations of the judgments.
Over the course of several years, Nadd filed a number of motions to dismiss and motions for summary judgment. On February 26, 1996, Nadd's motion for summary judgment was denied. However, final judgments granting Nadd's renewed motions for summary judgment were entered on April 14, 1998. The trial court granted these motions after finding the five-year statute of limitations applicable and denying recordation of the foreign judgments. LCL appealed this ruling to the Fifth District Court of Appeal.
*1228 On appeal, the Fifth District disagreed with the trial court's disposition. The Fifth District found the Legislature adopted the UFMJRA to increase the likelihood of Florida judgments being honored in foreign jurisdictions. In order to promote this policy, the court stated that judgments still cognizable in a foreign jurisdiction should be recognized in Florida courts. Additionally, the Fifth District found that the twenty-year limitations period in section 95.11(1), Florida Statutes (1995), should apply to foreign judgments.[3] After examining the application of the UMJRA in other jurisdictions and comparing the UFMJRA to the UEFJA, the Uniform Enforcement of Foreign Judgments Act, section 55.501, et seq., Florida Statutes (1995), the district court said this approach allows for adequate time for registration and enforcement. We agree and approve the district court's decision on the issues certified.

DISCUSSION
In order to answer the two certified questions posed by the Fifth District, two determinations must be made regarding Florida's codification of the Uniform Foreign Money Judgment Recognition Act (UFMJRA). First, we must decide whether there is a time limitation imposed on the registration of foreign judgments in Florida. Second, we must determine which general provision concerning statutes of limitation, section 95.11(1) or 95.11(2), applies to either the registration or enforcement of a foreign judgment. An examination of the legislative intent behind the adoption of the UFMJRA is essential in order to properly address these issues.

The UFMJRA
The UFMJRA[4] was adopted in Florida in 1994 to ensure the recognition abroad of judgments rendered in Florida. See Le Credit Lyonnais v. Nadd, 741 So.2d 1165, 1167 (Fla. 5th DCA 1999) (relying on Fla. H.R. Comm. on Judiciary, HB 51 (1993) Staff Analysis (Nov. 1, 1993)).[5] The Act replaced common law principles of comity relating to the recognition of foreign judgments. See Chabert v. Bacquie, 694 So.2d 805, 810 (Fla. 4th DCA 1997). The UFMJRA by its terms applies to foreign judgments that are final, conclusive, and enforceable where they were rendered. See § 55.603, Fla. Stat.[6]
If a judgment creditor wishes to enforce a judgment in Florida under the UFMJRA, he must first file the judgment with the clerk of court of the county or counties where enforcement is sought. See § 55.604, Fla. Stat. The judgment is then recorded in that county. See id. Once the registration and recordation are complete, the clerk sends notice to the debtor, who then may file a notice of objection within thirty days of service. See § 55.604(2), Fla. Stat. Whether or not the judgment debtor responds within the thirty-day period, either party may apply for a hearing regarding recognition. See *1229 § 55.601(3), Fla. Stat. If no objections are filed within thirty days, the clerk of court files a statement stating that fact. Under such a circumstance, the judgment creditor is entitled to enforcement without a hearing. See Frymer v. Brettschneider, 696 So.2d 1266, 1267, n.4 (Fla. 4th DCA 1997).
Despite these apparently comprehensive features, the UFMJRA does not include a statute of limitations provision upon which courts, judgment creditors, or debtors may rely when a judgment creditor seeks to enforce a foreign judgment in Florida. We turn then, as the Fifth District did, to Florida's general statutory provisions to determine a limitations period. In so doing, we seek to reconcile the policy underlying the UFMJRA of adequately affording reciprocal treatment of foreign judgments with our express limitations periods.

Florida's Statute of Limitations
Section 95.11, Florida Statutes (1995), provides, in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
(1) WITHIN TWENTY YEARSAn action on a judgment or decree of a court of record in this state.
(2) WITHIN FIVE YEARS.
(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.
In this case, the parties and the courts below have provided different interpretations of these provisions. LCL contends that neither statutory period should bar filing a foreign judgment and that the twenty-year period for enforcement actions should apply once the judgment is recorded and recognized in Florida pursuant to section 55.604(5). The Fifth District agreed with LCL, finding there is no limitations period applicable to registration of a foreign judgment as long as the judgment sought to be enforced is enforceable in the originating jurisdiction. The Fifth District further determined that once a foreign judgment is registered the twenty-year statute of limitations for enforcement of domestic judgments provided for in section 95.11(1) is applicable. On the other hand, Nadd asserts section 95.11(2)(a) should apply to registration of foreign judgments measured from the time the judgments were rendered in the originating jurisdiction; the trial court agreed with this argument and barred registration.
Because this case is one of first impression in Florida, the Fifth District arrived at its decision by examining the application of the UFMJRA in other jurisdictions. In so doing, the court discovered that few statute of limitations questions had arisen under the UFMJRA, but that several had arisen under a similar uniform law, the UEFJA.[7] While this examination gives us an understanding of the scope of each of these uniform acts and an appreciation of the purposes for each, we find that the *1230 language of the UFMJRA and section 95.11, when read in pari materia, demonstrates the correctness of the district court's decision.

Application of UFMJRA and Section 95.11 to This Case
The UFMJRA provides in pertinent parts as follows:
55.601 Uniform Foreign Money Judgment Recognition Act; short title. Sections 55.601-55.607 may be cited as the "Uniform Out of County Foreign Money Judgment Recognition Act."
55.602 Definitions.As used in this act, the term:
(1) "Foreign state" means any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands.
(2) "Foreign judgment" means any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine, or other penalty.
55.603 Applicability.This act applies to any foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.
55.604 Recognition and enforcement. Except as provided in s. 55.605, a foreign judgment meeting the requirements of s. 55.603 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. Procedures for recognition and enforce-ability of a foreign judgment shall be as follows:
(1) The foreign judgment shall be filed with the clerk of the court and recorded in the public records in the county or counties where enforcement is sought.
(a) At the time of the recording of a foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post-office address of the judgment debtor and of the judgment creditor.
(b) Promptly upon the recording of the foreign judgment and the affidavit, the clerk shall mail notice of the recording of the foreign judgment, by registered mail with return receipt requested, to the judgment debtor at the address given in the affidavit and shall make a note of the mailing in the docket. The notice shall include the name and address of the judgment creditor and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the recording of the judgment to the judgment debtor and may record proof of mailing with the clerk. The failure of the clerk to mail notice of recording will not affect the enforcement proceedings if proof of mailing by the judgment creditor has been recorded.
(2) The judgment debtor shall have 30 days after service of the notice to file a notice of objection with the clerk of the court specifying the grounds for nonrecognition or nonenforceability under this act.

(3) Upon the application of any party, and after proper notice, the circuit court shall have jurisdiction to conduct a hearing, determine the issues, and enter an appropriate order granting or denying recognition in accordance with the terms of this act.
(4) If the judgment debtor fails to file a notice of objection within the required time, the clerk of the court shall record *1231 a certificate stating that no objection has been filed.
(5) Upon entry of an order recognizing the foreign judgment, or upon recording of the clerk's certificate set forth above, the foreign judgment shall be enforced in the same manner as the judgment of a court of this state.

. . . .
55.605 Grounds for nonrecognition. 
(1) A foreign judgment is not conclusive if:
(a) The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law.
(b) The foreign court did not have personal jurisdiction over the defendant.
(c) The foreign court did not have jurisdiction over the subject matter.
(2) A foreign judgment need not be recognized if:
(a) The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him or her to defend.
(b) The judgment was obtained by fraud.
(c) The cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state.
(d) The judgment conflicts with another final and conclusive order.
(e) The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court.
(f) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.
(g) The foreign jurisdiction where judgment was rendered would not give recognition to a similar judgment rendered in this state.
(Emphasis added.)
When applying the statute to foreign money judgments, the UFMJRA contemplates a two-step process before the judgment can be collected in this state. First, the judgment must be recognized; then the judgment creditor must institute enforcement proceedings. While the term recognition is not defined in the statute, one definition of the term offered in Black's Law Dictionary, (7th ed.1999) at page 1277, is "Confirmation that an act done by another person was authorized." Thus, the first step is simply to determine whether the foreign judgment was authorized. The language of section 55.603 makes it clear that the first question in the recognition process is whether or not the foreign judgment is "final and conclusive and enforceable" in the country where the judgment was rendered. There has been no argument made by Nadd that this judgment does not meet these criteria.[8] In fact, the arguments that have been pursued in the appellate courts center around the applicability of the Florida statute of limitations to this action. Because there is no argument that the judgment does not meet the above-stated criteria, it is entitled to recognition unless one of the grounds for nonrecognition enumerated in section 55.605 is applicable.
The grounds for nonrecognition are based in general terms on jurisdictional *1232 principles, notions of due process (notice and an opportunity to be heard), as well as principles of reciprocity. None of these principles are implicated here. See § 55.605. Important for its absence from section 55.605 is any provision that the forum state's statute of limitations can be the basis for nonrecognition. In this case, the foreign judgment was and is "final and conclusive and enforceable" in France, and none of the grounds for nonrecognition have been shown to be applicable. Under such circumstances, the judgment is entitled to be recognized. The trial court erred in denying recognition of this French judgment when the statutory prerequisites had been established.
Once the recognition hurdle has been overcome, the next step in this process is enforcement.[9] The UFMJRA specifically requires the recognized judgment be "enforced in the same manner as the judgment of a court of this state." One of the requirements for enforcement of judgments of this state is that the judgment be enforced with the time constraints of section 95.11. Section 95.11(1) provides that an action to enforce a judgment of a court of record of this state must be commenced within twenty years.
Other courts interpreting the UFMJRA have reached similar conclusions. For example, in La Societe Anonyme Goro v. Conveyor Accessories, Inc., 286 Ill.App.3d 867, 222 Ill.Dec. 217, 677 N.E.2d 30 (1997), a case involving an attempt to register the judgment of a foreign country in Illinois, the petitioner received a judgment in its favor from a Parisian court. In 1994 petitioner sought to register the judgment in Illinois, but the respondent objected, contending all civil actions must be commenced within five years after the cause of action accrued. In response, petitioner argued the seven-year statute of limitations for the enforcement of an Illinois judgment should be applied, measured from the time the judgment was entered in France. In 1995 the trial court held the five-year statute barred consideration of petitioner's claim, but on appeal, the trial court was reversed. The appeals court found the foreign judgment as filed was enforceable in the same manner as a domestic judgment and entitled to the seven-year limitations period.
In that same vein, the court in Vrozos v. Sarantopoulos, 195 Ill.App.3d 610, 142 Ill. Dec. 352, 552 N.E.2d 1093 (1990), addressed the enforceability of a Canadian judgment in an Illinois trial court. The original default judgment was entered in Canada on December 2, 1974, and revived by the judgment creditor in 1985. The judgment was registered in Illinois in 1986. The judgment debtor objected to the registration of the foreign judgment, arguing that under Illinois' five-year statute of limitations the judgment was not enforceable after 1979, five years from the date the judgment was entered. The court of appeal disagreed and opined that if the revived judgment were a new judgment it would be enforceable within five years from the date of the revival. The court also discussed, without reaching a conclusion because the facts could not be determined from the record, whether the 1974 judgment was still enforceable in Canada because Canada had a twenty-year statute of limitations for the enforcement of judgments. Thus, it seems apparent that the appellate court in Vrozos focused on both the "final and conclusive and enforceable where rendered" and the "enforced in the same manner as the judgment of a court of *1233 this state" language from the UFMJRA in attempting to resolve the same issues that we have in the case before us.
The court in La Societe also noted that the UFMJRA and the state's general statutes were to complement one another. See id. at 870, 222 Ill.Dec. 217, 677 N.E.2d 30. Since Florida's UFMJRA has no explicit limitations period, we must also read the UFMJRA and our general statute of limitations statute in a fashion that further promotes the legislative intent. Using the limitations periods that are generally applicable to the forum state's own judgments best assures reciprocity in the recognition and enforcement of our judgments abroad and gives foreign judgments uniform and fair treatment in Florida courts.
Although the few UFMJRA cases in Florida have not directly addressed the statute of limitations questions,[10] one case does explain how foreign judgments should be treated by Florida courts. In Chabert v. Bacquie, 694 So.2d 805 (Fla. 4th DCA 1997), a case in which a French judgment creditor sought to enforce a judgment obtained in France against a Florida resident, the Fourth District stated that a foreign judgment, once recognized, should be treated as any other Florida judgment. The court said:
The effect of overruling objections and granting recognition of a foreign judgment is that the foreign judgment is thereupon immediately enforceable as though it were a final judgment of a Florida court. See § 55.604(5), (6) and (7), Fla. Stat. (1995). The judgment creditor may have a writ of execution issued on the judgment, and it becomes a lien on real property of the judgment debtor in any county where a certified copy of the judgment is recorded with the land records. It thus becomes identical in effect with a judgment entered by a Florida court.
694 So.2d at 808. We endorse this principle and apply it to the present case.
This interpretation gives full effect to the legislative intent to ensure reciprocal favorable treatment of Florida judgments in foreign countries. We do not believe the Legislature wished to subject foreign judgments under the UFMJRA to the enforcement limitations set forth in section 95.11(2)(a), since to do so would severely impede similar recognition of Florida judgments. Therefore, in answer to the first certified question, we hold the only limitation applicable to the recognition of a foreign money judgment is that the judgment be enforceable where rendered; Florida's statute of limitations does not affect the recognition portion of a UFMJRA action. In answer to the second certified question, we hold that the twenty-year period contained in section 95.11(1) should be applied to actions brought to enforce a foreign judgment once it has become domesticated through the registration and recognition phase of the UFMJRA.
We therefore approve the decision of the Fifth District holding that Florida's statute of limitations is not applicable to the recognition of a foreign country money *1234 judgment but that the twenty-year statute of limitations is applicable to the enforcement of the judgment.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] French francs.
[2] These two cases, CI 95-6229 and CI 95-6264, were later consolidated for appeal.
[3] The Fifth District also determined the limitations period begins to run when the judgment is rendered in the foreign jurisdiction. We do not address this issue as it is not one of the questions certified and is not necessary for a resolution of this case.
[4] Also known as the "Uniform Out of Country Foreign Money-Judgment Recognition Act."
[5] See also Annotation, Construction and Application of Uniform Foreign Money Judgments Recognition Act, 100 A.L.R.3d 792, § 2 (1980).
[6] Section 55.603, Florida Statutes, states:

Applicability.This act applies to any foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.
[7] The UEFJA was adopted by Florida in 1984. See Dollar Savings & Trust Co. v. Soltesiz, 636 So.2d 63 (Fla. 2d DCA 1994). By its terms, this act is only applicable to judgments, decrees and orders of a court of any other state or of the United States. The UEFJA does not contain the "enforceable where rendered" language that is a part of the UFMJRA, but simply says once a foreign judgment is recorded pursuant to the act, that judgment shall be treated as a judgment of this state. Additionally, section 55.502(4) states specifically, "Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments." §§ 55.501-55.509, Fla. Stat.
[8] The parties agree that the statute of limitations for enforcement of this judgment in France is thirty years.
[9] Once a foreign judgment has been recognized it can be recorded in any other county in this state and enforced in the same manner as any judgment of a court of this state. See § 55.504(6).
[10] See Laager v. Kruger, 702 So.2d 1362 (Fla. 3d DCA 1997) (Swiss judgment creditor sought to enforce a Cayman judgment against another Swiss citizen in Florida where the Cayman judgment was partially based on Swiss judgments previously recognized in Florida; the appeals court determined the Cayman judgment should have been recognized by trial court); Frymer v. Brettschneider, 696 So.2d 1266 (Fla. 4th DCA 1997) (when decedent's daughter and her children sought to have a settlement agreement with decedent's widow declared void, widow counterclaimed seeking enforcement of a 1991 Canadian cost judgment; the appeals court affirmed trial court's decision that beneficiaries' suit was time barred under section 95.11).