829 So.2d 314 (2002)
NEW YORK STATE DEPARTMENT OF TAXATION, etc., Appellant,
v.
John J. PATAFIO, JR., Appellee.
No. 5D02-519.
District Court of Appeal of Florida, Fifth District.
October 25, 2002.
*315 Mark W. Rickard and Walter B. Dunagan of Jacobson, Sobo & Moselle, Plantation, for Appellant.
No appearance for Appellee.
ORFINGER, R. B., J.
In 1994 and 1995, the State of New York, through its Commissioner of Taxation and Finance (N.Y.S.), issued tax warrants for unpaid taxes against John J. Patafio, Jr., totaling $276,305.05. In 2001, NYS filed an action in the circuit court of Brevard County, Florida seeking to enforce its tax warrants against Patafio, who, allegedly, had taken up residence in Brevard County. On Patafio's motion, the trial court dismissed the action with prejudice, *316 concluding that NYS's claim was barred by the statute of limitations. Because we conclude that the complaint does not conclusively demonstrate that the applicable statute of limitations had run on NYS's action, we reverse.
Because the sufficiency of a complaint is a matter of law, we review the matter de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001). The statute of limitations is generally an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action. McLeod v. Barber, 764 So.2d 790, 792 (Fla. 5th DCA 2000).
Relying on Nadd v. Le Credit Lyonnais, S.A., 804 So.2d 1226 (Fla.2001), NYS argues that the twenty year limitation period found in section 95.11(1), Florida Statutes (1995), applies to its action. We find NYS's reliance on Nadd misplaced. Nadd held that the twenty-year statute of limitations applies to actions brought to enforce a foreign judgment only after the judgment had been domesticated through the registration and recognition process found in the Uniform Foreign Money Judgment Recognition Act (UFMJRA).[1]Nadd, 804 So.2d at 1233. NYS makes no allegation that its cause of action arises under the UFMJRA. That is, most likely, because NYS could not bring an action under the UFMJRA as that act applies only to judgments seeking to recover money, other than a judgment for taxes, fines or penalties of a foreign state. Foreign state is defined under the UFMJRA as "any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands or the Ryukyu Islands." § 55.602(1) & (2), Fla. Stat. (1995). In other words, the UFMJRA applies only to judgments from jurisdictions outside the United States and its territories.[2]
Instead, NYS sought to enforce its tax warrants pursuant to section 72.041, Florida Statutes (1995).[3] Section 72.041 allows states within the United States to bring actions in Florida to enforce certain types of lawfully imposed taxes.[4] Because *317 section 72.041 does not include a statute of limitations provision upon which courts, judgment creditors or debtors may rely when a judgment creditor seeks to enforce a foreign judgment in Florida, we turn to Florida's general statutory provisions to determine the applicable limitations period. See Nadd, 804 So.2d at 1229.
Section 95.11, Florida Statutes (1995), provides, in relevant part:
Actions other than for recovery of real property shall be commenced as follows:
(1) Within twenty years.An action on a judgment or decree of a court of record in this state.
(2) Within five years.
(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.
The twenty year limitation period set forth in section 95.11(1) applies to actions seeking to enforce a foreign judgment only after such judgment had been domesticated in Florida pursuant to the applicable statutes. Because that is not the case here, we conclude, as did the trial court, that the five-year limitation period set forth in section 95.11(2)(a) applies.
We must next determine if the complaint conclusively demonstrates when NYS's cause of action in Florida accrued as that is what triggers the commencement of the limitations period. A cause of action accrues within the meaning of the statute of limitations when the action may be brought. State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818 (Fla.1996). In other words, a cause of action does not accrue within the meaning of the statute of limitations until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin. Drake By & Through Fletcher v. Island Cmty. Church, Inc., 462 So.2d 1142, 1144 (Fla. 3d DCA 1984). Applying that rule to the allegations of NYS's complaint, the statute of limitations on NYS's action could not have begun to run until Patafio either became a resident of Florida, did business in Florida, or acquired property in Florida. See § 48.193, Fla. Stat. (2001) (stating the acts which subject persons to Florida's jurisdiction). Until that time, NYS could not have brought suit in Florida because there was no one capable of being sued in Florida and the courts of this state would have been without jurisdiction to act. None of this is conclusively demonstrated by the complaint. A motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial judge must consider only the allegations found within the four corners of the complaint. See Thompson v. Martin, 530 So.2d 495, 496 (Fla. 2d DCA 1988).
We conclude that while the court properly applied a five-year limitation period to NYS's action, it erred in granting the motion to dismiss because the complaint does not conclusively demonstrate when NYS's cause of action accrued or if it was tolled after it commenced.
We reverse the order of the court dismissing the action for further proceedings consistent herewith.
REVERSED AND REMANDED.
HARRIS, J., concurs.
SHARP, W., J., concurs specially with opinion.
*318 SHARP, W., J., concurring specially.
It appears that the general rule in Florida, which we apply in this case, is that the tolling provisions of section 95.051 prevent the accrual of a cause of action, or the running of the Florida statute of limitations when any person, including a resident or a non-resident, is not present in this state. Section 95.051 provides:
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35 and 95.36 is tolled by:
(a) Absence from the state of the person to be sued.
The seminal case for this holding is Van Deren v. Lory, 87 Fla. 422, 100 So. 794 (1924). More than seven years after Lory obtained a judgment against Van Deren in Indiana (seven years was then the statute of limitations in Florida for suing on foreign judgments), Lory sued Van Deren in Florida on the judgment. In opposition to Van Deren's allegation that the cause of action was barred by the seven year statute of limitations, Lory responded that Van Deren had not been a resident of Florida or within the jurisdiction of Florida for a period of seven years after accrual of the cause of action (obtaining the judgment in Indiana).
The Florida Supreme Court ruled for Lory based on the Florida tolling provision then in effect which provided:

Absence of Defendant from the State. If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the state; and if after the cause of action shall have accrued he depart from the state, the time of his absence shall not be part of the time limited for the commencement of the action.
100 So. at 795.
In so ruling, the Florida Supreme Court gave the statute a broader interpretation than the words "return to the state" and "depart from the state" on their face indicate. Other states have similarly interpreted like statutes. See Payne v. Claffy, 281 S.C. 385, 315 S.E.2d 814 (App.1984); Merchants & Planters Nat'l Bk. of Sherman v. Appleyard, 238 N.C. 145, 77 S.E.2d 783 (1953).
Although the present Florida tolling statute is worded differently,[1] the intent seems to be the same. Absence of persons from the state includes residents as well as non-residents. See In re Conrad, 252 B.R. 559 (U.S.Bankr.Ct.M.D.Fla.2000). Since, in most states, the statute of limitations for bringing suits on judgments obtained in other states is much shorter than the time for bringing suits in the original forum's courts for judgments obtained in the forum state, this interpretation of the tolling statutes has the advantageous effect of providing greater reciprocity between states for recognition of other states' courts' judgments than would otherwise occur.
One possible adverse result might be that an out-of-state judgment is given greater effect than if sought to be enforced in the original forum. To guard against that eventuality, section 95.10, Florida Statutes, provides:
When the cause of action arose in another state or territory, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.
Although not applicable to this case, the Uniform Foreign Money Judgment Recognition Act, sections 55.601-55.607, has a *319 similar provision,[2] and the Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, also provide that a foreign judgment sought to be enforced must be entitled to full faith and credit in this state and no provision in the statute shall extend the statutes of limitation period applicable for the enforcement of a foreign judgment. § 55.502(1) and (4).
It remains to be seen whether, pursuant to an enforcement of judgment action brought under section 72.041, as this one was, or pursuant to suits under the general statutes brought to enforce a foreign judgment, Florida will recognize and enforce an out-of-state judgment in a case where Florida's statute of limitations would have run on enforcement of a similar Florida judgment, except for the tolling provision, and the other state's statute of limitation is longer than Florida's for a similar cause of action resulting in a judgment in this state, or where it has been "revived" in that state under circumstances not recognized in Florida. In other words, will Florida give greater reciprocity to a foreign judgment than a Florida judgment? Neither section 55.601 nor section 55.501 present that problem because when registered, under those acts, the foreign judgment becomes a Florida judgment and is then subject to the Florida statute of limitations for Florida judgments.
In this case, we also do not need to consider that problem. In New York, tax warrants are deemed to be judgments. Abrahams v. New York State Tax Commission, 131 Misc.2d 594, 500 N.Y.S.2d 965 (Sup.1986). And New York has a twenty year statute of limitations for judgments.[3] Thus the warrants in this case are currently valid and enforceable in New York since they were obtained in 1994 and 1995. Enforcement of the New York judgments in Florida would never exceed Florida's statute of limitations for Florida judgments because Florida's statute is also twenty years.[4]
NOTES
[1] This act is also known as "Uniform Out of Country Foreign Money Judgment Recognition Act." See § 55.601, Fla. Stat. (2001).
[2] We do not consider the possible applicability of the Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (2001), because NYS did not bring its action under this Act.
[3] 72.041. Tax liabilities arising under the laws of other states

Actions to enforce lawfully imposed sales, use, and corporate income taxes and motor and other fuel taxes of another state may be brought in a court of this state under the following conditions:
(1) The state seeking to institute an action for the collection, assessment, or enforcement of a lawfully imposed tax must have extended a like courtesy to this state;
(2) Venue for any action under this section shall be the circuit court of the county in which the defendant resides;
(3) This section does not apply to the enforcement of tax warrants of another state unless the warrant has been obtained as a result of a judgment entered by a court of competent jurisdiction in the taxing state or unless the courts of the state seeking to enforce its warrant allow the enforcement of the warrants issued by the Department of Revenue pursuant to chapters 206, 212, 213, 220, and 221; and
(4) All tax liabilities owing to this state or any of its subdivisions shall be paid first and shall be prior in right to any tax liability arising under the laws of other states.
[4] Registration or enforcement of a judgment is derivative of the original judgment itself. If the foreign judgment is no longer enforceable, then registration or a common law action on a judgment ought not to be available to breathe life into a moribund decree. Muka v. Horizon Financial Corp., 766 So.2d 239, 240 (Fla. 4th DCA 2000).
[1] § 95.051(a), Fla. Stat. (2001).
[2] § 55.603, Fla. Stat. ("This act applies to any foreign judgment that is final and conclusive and enforceable where rendered....").
[3] See N.Y. CPLR Law § 211(b) (McKinney 2001) (an action to enforce a money judgment is governed by a twenty year statute of limitations).
[4] § 95.11(1), Fla. Stat.