852 So.2d 866 (2003)
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant,
v.
Robert KLEIN, Appellee.
No. 4D02-1463.
District Court of Appeal of Florida, Fourth District.
July 9, 2003.
Rehearing Denied September 10, 2003.
Mark W. Rickard of Jacobson, Sobo & Moselle, Plantation, for appellant.
*867 John T. Mulhall III of Rutherford, Mulhall & Wargo, P.A., Boca Raton, for appellee.
HAZOURI, J.
Appellant, New York State Department of Taxation and Finance, appeals from the trial court's order granting appellee, Robert Klein's, motion for judgment on the pleadings and the subsequent judgment dismissing appellant's cause with prejudice. We reverse and remand for further proceedings.
On August 31, 2001, appellant filed a complaint, pursuant to section 72.041(2), Florida Statutes (2001), to enforce six foreign tax warrants issued against appellee, a Palm Beach County resident. The complaint alleged that appellee owed $354,142.91 in delinquent sales tax plus penalties and interest. In response, appellee denied that he owed the taxes and asserted an affirmative defense of statute of limitations. One of the warrants was entered on August 10, 1990, and the five other warrants were entered on September 12, 1994. Appellee argued that the five-year statute of limitations set out in section 95.11(2), Florida Statutes (2001), barred appellant's action. Appellee also filed a motion for judgment on the pleadings asserting that the action was time barred in accordance with section 95.11(2).
Appellant argued that a twenty-year statute of limitations should be applied. However, the trial court disagreed and found that the twenty-year statute of limitations applies only to enforcement of tax warrants issued to and enforced by the State of Florida. The trial court found that the five-year statute of limitations set forth in section 95.11(2)(a) applies to actions brought under section 72.041. In addition, the trial court determined that, as a matter of law, each warrant was a separate judgment.
"Judgment on the pleadings may be granted only if, upon admitted facts, the moving party is clearly entitled to judgment as a matter of law." Harris v. Kearney, 786 So.2d 1222, 1225 (Fla. 4th DCA 2001) (quoting First Fin. USA, Inc. v. Steinger, 760 So.2d 996, 997 (Fla. 4th DCA 2000)). Steinger further holds:
In ruling on a motion for judgment on the pleadings[,] material allegations of the moving party which have been denied are taken as false. Conclusions of law also are not deemed admitted for purposes of the motion. The court must accept as true all well-pleaded allegations of the non-moving party.
760 So.2d at 997 (quoting Windle v. W.W. Windle Co., 731 So.2d 36, 37 (Fla. 4th DCA 1999)).
Appellant filed suit in Florida to enforce its tax warrants or judgments pursuant to section 72.041, which states:
Actions to enforce lawfully imposed sales, use, and corporate income taxes and motor and other fuel taxes of another state may be brought in a court of this state under the following conditions:
(1) The state seeking to institute an action for the collection, assessment, or enforcement of a lawfully imposed tax must have extended a like courtesy to this state;
(2) Venue for any action under this section shall be the circuit court of the county in which the defendant resides;
(3) This section does not apply to the enforcement of tax warrants of another state unless the warrant has been obtained as a result of a judgment entered by a court of competent jurisdiction in the taxing state or unless the courts of the state seeking to enforce its warrant allow the enforcement of the warrants issued by the Department of Revenue *868 pursuant to chapters 206, 212, 213, 220, and 221; and
(4) All tax liabilities owing to this state or any of its subdivisions shall be paid first and shall be prior in right to any tax liability arising under the laws of other states.
Appellant, relying on Nadd v. Le Credit Lyonnais, S.A., 804 So.2d 1226 (Fla.2001), argues that the twenty-year limitation period found in section 95.11(1) applies to this action. We disagree. We find the recent decision of the fifth district in New York State Department of Taxation v. Patafio, 829 So.2d 314 (Fla. 5th DCA 2002), to be directly on point on the issues in the instant case and find Patafio controlling.
In Patafio, the New York State Department of Taxation relied on Nadd in its argument (as it does in the instant case) but the fifth district found that this reliance was misplaced. The court stated:

Nadd held that the twenty-year statute of limitations applies to actions brought to enforce a foreign judgment only after the judgment has been domesticated through the registration and recognition process found in the Uniform Foreign Money Judgment Recognition Act (UFMJRA). [footnote omitted] NYS makes no allegation that its cause of action arises under the UFMJRA as that act applies only to judgments seeking to recover money, other than a judgment for taxes, fines or penalties of a foreign state. Foreign state is defined under the UFMJRA as "any governmental unit other than the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands or the Ryukyu Islands." § 55.602(1) & (2), Fla. Stat. (1995). In other words, the UFMJRA applies only to judgments from jurisdictions outside the United States and its territories.[FN2]
FN2. We do not consider the possible applicability of the Florida Enforcement of Foreign Judgments Act, sections 55.501-55.509, Florida Statutes (2001), because NYS did not bring its action under this Act.
Patafio, 829 So.2d at 316 (citations omitted). Similarly, in the instant case, appellant's claim did not fit under the UFMJRA and appellant did not bring its case under the Florida Enforcement of Foreign Judgments Act.
In Patafio, the court noted that New York State sought to enforce its tax warrants pursuant to section 72.041. The fifth district then held:
Because section 72.041 does not include a statute of limitations provision upon which courts, judgment creditors or debtors may rely when a judgment creditor seeks to enforce a foreign judgment in Florida, we turn to Florida's general statutory provisions to determine the applicable limitations period. See Nadd, 804 So.2d at 1229 [the supreme court held that because the UFMJRA did not include a statute of limitations, the court must turn to Florida's general statutory provisions to determine a limitations period].
829 So.2d at 316-17.
Section 95.11 is the applicable statute of limitations. The issue is which subsection applies to the instant action. Section 95.11 provides in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
(1) WITHIN TWENTY YEARS.An action on a judgment or decree of a court of record of this state.
(2) WITHIN FIVE YEARS.
(a) An action on a judgment or decree of any court, not of record, of this state or *869 any court of the United States, any other state or territory in the United States, or a foreign country.
By the very terms of the statute, the twenty-year limitation period applies to actions seeking to enforce a foreign judgment after it has been domesticated under the applicable statutes. In Patafio and in the instant case, the New York judgments were not domesticated in Florida.
Appellant argues that Patafio is wrongly decided in that it did not address the issue of whether section 95.091(1)(b), Florida Statutes (2001), applies to an action brought under section 72.041, and asserts that section 95.091(1)(b) is applicable. Section 95.091(1)(b), entitled "Limitation on actions to collect taxes," provides:
Any tax lien granted by law to the state or any of its political subdivisions for any tax enumerated in s. 72.011 shall expire 20 years after the last date the tax may be assessed, after the tax becomes delinquent, or after the filing of a tax warrant, whichever is later. An action to collect any tax enumerated in s. 72.011 may not be commenced after the expiration of the lien securing the payment of the tax.
Section 72.011 applies to sales tax which is the type of tax appellant is seeking to recover. However, a clear reading of section 95.091(1)(b) indicates that it applies to tax liens granted by law of this state, not any other state. The trial court's conclusion that the five-year statute of limitation applies was correct; however, as in Patafio the pleadings in the instant case do not conclusively demonstrate when the New York State Department of Taxation and Finance's action accrued or if it was tolled at any time after the commencement of the five-year period.
In Patafio, although the fifth district affirmed the application of the five-year statute of limitations, it did not affirm the dismissal of the action but remanded for further proceedings. It held:
We must next determine if the complaint conclusively demonstrates when NYS's cause of action in Florida accrued as that is what triggers the commencement of the limitations period. A cause of action accrues within the meaning of the statute of limitations when the action may be brought. In other words, a cause of action does not accrue within the meaning of the statute of limitations until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin. Applying that rule to the allegations of NYS's complaint, the statute of limitations on NYS's action could not have begun to run until Patafio either became a resident of Florida, did business in Florida, or acquired property in Florida. See § 48.193, Fla. Stat. (2001) (stating the acts which subject persons to Florida's jurisdiction). Until that time, NYS could not have brought suit in Florida because there was no one capable of being sued in Florida and the courts of this state would have been without jurisdiction to act. None of this is conclusively demonstrated by the complaint. A motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on such a motion, the trial judge must consider only the allegations found within the four corners of the complaint.
829 So.2d at 317 (citations omitted).
Appellant argues that the tax warrants show that appellee was a resident of New York at the time they were issued. Klein has not alleged in any pleading when his residency in Florida began or whether he has resided in Florida more than five years since his residency began. Therefore, as in Patafio, we reverse and remand *870 for further proceedings consistent with this opinion.
TAYLOR and MAY, JJ., concur.