On Motion far'Review of Stay

PER CURIAM.
The judgment creditor, Opción Sociedad Anónima, has filed a motion to review a stay of judgment entered by the trial court. We grant the motion and vacate the stay.
The judgment creditor obtained a judgment in Argentina and filed an action seeking recognition of that judgment in Florida. After a bench trial, the trial court found that the Argentinean judgment was final, conclusive, and enforceable and entered judgment in favor of the judgment creditor for $236,900.
. The judgment debtors, Enrique O. Tet-tamanti and Maria Cristina Calvo, filed a timely appeal of the Florida judgment and moved for a stay pending appeal. The trial court granted a stay. By motion for review filed in this court, the judgment ■creditor requests that the stay be vacated. The judgment creditor’s position,is well taken. ,
Florida has adopted the Uniform Out-of-country Foreign Money-Judgment Recognition Act. §§ 55.601-55.607, Fla. Stat. (2008). Under the Act:
(5) Upon entry of an order recognizing the out-of-country foreign judgment, or upon recording of the clerk’s certificate set forth above, the out-of-country foreign judgment shall be enforced in the same manner as the judgment of a court of this state.
(Emphasis added). See Nadd v. Le Credit Lyonnais, S.A., 804 So.2d 1226, 1233 (Fla. 2001).
Under Florida Rule of Appellate Procedure 9.310, the trial court had jurisdiction to consider the appellee-judgment debtors’ motion for stay. Fla. R.App. P. 9.310(a). The trial court granted a stay based on section 55.607, Florida Statutes. That section provides: ,
55.607 Stay in case of appeal.—If the defendant satisfies the court that an ap *4 peal is pending, or that he or she intends to appeal, and that he or she has obtained a stay of judgment from the foreign court, the court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal.
(Emphasis added).
This portion of the Act is intended to apply where the judgment debtor has appealed, or intends to appeal, in the foreign country (in'this ease Argentina), and has obtained a stay of the foreign judgment from the foreign court. The- judgment debtors have not made any showing of a pending or impending appeal in Argentina, or any stay pending appeal. The trial court erred in granting the stay, and we vacate the stay order.
Under the Act, the Florida judgment (which domesticated the Argentinean judgment) “shall be enforced in the same manner as the judgment of a court of this state.” § 55.604(5), Fla. Stat. (2008).. To stay the Florida judgment, it will be necessary for the judgment debtors to post a bond. Fla. R.App. P. 9.310(b)(1).
Stay vacated.