ROWE, J.
The appellant, Desert Palace, Inc., appeals an order dismissing its action on a judgment against Robert G. Wiley. The trial court dismissed the action based on its determination that the statute of limitations had run. For the reasons that follow, we reverse.
On October 17, 1991, Desert Palace, Inc., obtained a judgment in Clark County, Nevada against Wiley. On November 9, 2006, Desert Palace domesticated the Nevada judgment under sections 55.501-509, Florida Statutes (2006), Florida’s Enforcement of Foreign Judgments Act (FEFJA), in Baker County, Florida, where Wiley then resided.
On October 12, 2011, Desert Palace filed an amended complaint against Wiley in Baker County Circuit Court, seeking a judgment against Wiley for damages plus accrued interest on the domesticated judgment. In response, Wiley filed a motion for judgment on the pleadings or to dismiss Desert Palace’s amended complaint, asserting that the statute of limitations had run. Desert Palace opposed the motion asserting that its enforcement action was properly brought within the twenty-year statute of limitations, which would not have expired until October 17, 2011.
On October 18, 2013, after hearing from both parties, the circuit court issued a final order granting Wiley’s motion to dismiss Desert Palace’s action on the October 17, 1991, judgment. The court determined that the twenty-year statute of limitations had run on the action. That order is being appealed here.

Analysis

Whether a cause of action should be dismissed is a question of law, which is reviewed de novo. City of Gainesville v. State of Florida, Dept. of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). Every judgment gives rise to a common law cause of action to enforce it, called an action on a judgment. Burshan v. Nat’l Union Fire Ins. Co. of Pittsburgh, PA, 805 So.2d 835, 840-41 (Fla. 4th DCA 2001); see also Caiazza v. Tuff Realty Corp., 805 So.2d 29, 30-31 (Fla. 5th DCA 2001). A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based. Crane v. Nuta, 157 Fla. 613, 26 So.2d 670, 671 (1946). The main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. Adams v. Adams, 691 So.2d 10, 11 (Fla. 4th DCA 1997) (“[I]f the statute of limitation period has almost run on the judgment ... the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment.”). Once a judgment has been domesticated pursuant to FEFJA it has the same effect and is subject to the same legal and equitable defenses and rules of procedure as a Florida judgment. See Michael v. Valley Truck *948 ing Co., Inc., 832 So.2d 213, 217 (Fla. 4th DCA 2002).
Under section 95.11(1), Florida Statutes, the statute of limitations applicable to an action on a judgment in Florida is twenty years.[1] In Nadd v. Le Credit Lyonnais, 804 So.2d 1226 (Fla.2001), the Florida Supreme Court addressed the statute of limitations applicable to a foreign judgment under a similar statutory provision, the Uniform Out-of-Country Foreign Money-Judgment Recognition Act (UFMJRA).[2] There, the court held that once an out-of-country judgment is domesticated in a Florida court, it becomes enforceable for a period of twenty years from the date of the judgment pursuant to section 95.11(1).[3] Id. at 1233-34.
The Florida Supreme Court’s holding in Nadd has been extended to claims under FEFJA by other Florida courts. In Goodwin, a Florida bankruptcy court held that a bankruptcy claimant’s judgment which had been domesticated under FEFJA was subject to the twenty-year limitations’ period of section 95.11(1), and the judgment would be enforced in the same manner as any judgment entered in a Florida state court. In re Goodwin, 325 B.R. 328, 333-34 (Bankr.M.D.Fla.2005). Likewise, in 615 West 44th St. Associates v. Koch, 2014 WL 1652035 (S.D.Fla. Apr. 24, 2014), the court held that in Florida a foreign judgment domesticated under FEFJA is subject to the twenty-year statute of limitations.
We agree with the reasoning in these cases and hold that the twenty-year limitations’ period in this case would not have run until October 17, 2011, and Desert Palace timely filed its amended complaint on October 12, 2011.
Because Desert Palace filed a new action on a judgment before the twenty-year statute of limitations ran on the October 17,1991, judgment, the trial court erred by granting Wiley’s motion to dismiss. We, therefore, REVERSE and REMAND for the trial court to reinstate Desert Palace’s amended complaint.
WOLF and ROBERTS, JJ., concur.

.Wiley argues that section 95.11 (2)(a), Florida Statutes, which subjects a foreign judgment to a five-year statute of limitations, applies to this case. We disagree. Section 95.11(2)(a) does not apply to a judgment domesticated under FEFJA. New York State Com'r of Taxation and Finance v. Friona, 902 So.2d 864, 866 (Fla. 4th DCA 2005). Simply recording a judgment pursuant to FEFJA is not viewed as an independent action on a judgment, which would fall under the five-year statute of limitations under section 95.1 l(2)(a), Florida Statutes. Michael, 832 So.2d at 217.

. Sections 55.601-607, Florida Statutes.

. Whether or not the statute of limitations on a judgment domesticated under FEFJA runs from the date of the original judgment or from the date the judgment was domesticated is not at issue in this case.