DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

VINCENT RAMOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2743
_____

May 29, 2026

Appeal from the Circuit Court for Pasco County; Gregory G. Groger, Judge.

Vincent Ramos, pro se.

James Uthmeier, Attorney General, Tallahassee, and Krystle Celine Cacci, Assistant Attorney General, Tampa, for Appellee.


SILBERMAN, Judge.

Vincent Ramos appeals the summary denial of certain claims for relief raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He was convicted of two counts of unlawful sexual battery of a minor and was sentenced to fifteen years imprisonment to be followed by two years of probation. His direct

appeal was affirmed.  *See Ramos v. State*, 321 So. 3d 725 (Fla. 2d DCA 2021).[1]

Ramos raised fifteen grounds for relief in his motion.  The postconviction court summarily denied relief on twelve of those grounds and denied relief on two grounds following an evidentiary hearing.  Ramos voluntarily withdrew one ground.  On appeal, he challenges only the postconviction court's summary denial of certain grounds in his motion.  Because the postconviction court improperly summarily denied relief as to ground twelve, we reverse and remand for the court to hold an evidentiary hearing on that ground only.  We affirm the order in all other respects.

We review the summary denial of a motion for postconviction relief de novo.  *See Macias v. State*, 331 So. 3d 1260, 1262 (Fla. 2d DCA 2022) (citing *Woodbury v. State*, 302 So. 3d 492, 493 (Fla. 2d DCA 2020)).  "For a summary denial to be upheld on review, 'the claims must be facially invalid or conclusively refuted by the record.' "  *Id.* (quoting *Johnson v. State*, 313 So. 3d 894, 896 (Fla. 2d DCA 2021)).  An ineffective assistance of counsel claim is facially sufficient when a defendant "plead[s] sufficient facts to establish that his counsel's performance was deficient and that he was prejudiced by such deficiency."  *Bynum v. State*, 377 So. 3d 1221, 1222 (Fla. 2d DCA 2024).  We must accept the defendant's factual allegations as true so long as they are not refuted by the record.  *See id.* (citing *Martin v. State*, 205 So. 3d 811, 812 (Fla. 2d DCA 2016)).  However, a strong presumption exists "that trial counsel's performance was not ineffective, and judicial scrutiny of counsel's performance is

---

[1] In his direct appeal, Ramos was referred to as Vincent Ramos, III. In this appeal and in the record documents provided to us, the Roman numeral has not been used.

highly deferential." *Deparvine v. State*, 146 So. 3d 1071, 1082-83 (Fla. 2014).

In ground twelve of his motion for postconviction relief, Ramos argued that his trial counsel was ineffective for failing to consult and retain an independent medical expert to counter the testimony of Valerie Hill, the medical examiner who examined the victim. At trial, Hill testified that the examination of the victim "yielded no evidence of physical abuse" and that, of the over four hundred examinations she has conducted, over ninety-eight percent of the time there are no signs of injury from sexual activity. The court found that this "testimony was of benefit to [Ramos], [so] there was no basis to hire an independent expert to counter her testimony." Thus, the court determined that there was no reasonable probability that the outcome would have been different had an independent expert been retained.

While the postconviction court accurately reflected Hill's testimony in its order denying relief, the court failed to address Ramos's specific argument. He asserted that an OB/GYN "would have been able to testify that during an exam following the nature and frequency of the acts of penetration as described by the [victim] and for which [he] was charged, the physical signs of intercourse would be apparent." Because the court did not address that argument, we are compelled to reverse the summary denial of relief on this ground and remand for an evidentiary hearing. As this court has stated, "A claim 'that counsel should have called an expert at trial to counter the nurse's testimony' and to testify 'that there would have been physical injury to the victim if there were multiple penetrations over the days as she reported . . . is legally sufficient and warrants further review.' " *Miller v. State*, 328 So. 3d 1027, 1029 (Fla. 2d DCA 2021) (alteration in original) (quoting *Townsend v. State*, 201 So. 3d

3

716, 718 (Fla. 4th DCA 2016)); *see also Ramos v. State*, 411 So. 3d 433, 434 (Fla. 4th DCA 2025) (citing *Miller*).

Affirmed in part, reversed in part, and remanded.

VILLANTI and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.